In the Matter of the Judicial Settlement of the Accounts of SARA N. WORTHINGTON et al., Executors, etc.

The commissions of an executor, until ascertained and liquidated in the manner prescribed by law, are not subject to his disposal, but upon grounds of public policy are unassignable.

Where, therefore, one claiming under an assignment of his commissions, executed by an executor before settlement of his accounts, appealed from an order of the General Term affirming an order of the surrogate denying a motion made by said assignee to open and modify his decree, made on settlement of the accounts of the executors, which decree refused

commissions to the assignee, *held,* that the appellant had no interest authorizing him to make the motion or bring the appeal.

(Argued December 19, 1893; decided January 16, 1894.)

APPEAL by John A. Bryan from order of the General Term of the Supreme Court in the second judicial department, made February 13, 1893, which affirmed an order of the surrogate of Westchester county, denying a motion to open and amend a decree, settling the accounts of the executors and trustees under the will of Henry R. Worthington, deceased.

The facts, so far as material, are set forth in the opinion.

*Alexander V. Campbell* for appellant. The executor's commissions were assignable and the surrogate erred in holding that the petitioner was not a "person interested," and so not entitled to be cited, nor to make himself a party. (Code Civ. Pro. §§ 2514, 2731, 2796.)

*William A. Jenne* for respondent. The commissions of an executor are not assignable, and an instrument purporting to assign the same is void. (*Wheelwright* v. *Rhoades,* 20 Hun, 57; *In re Hayden,* 54 id. 197; *In re Manice,* 31 id. 119; Code Civ. Pro. § 1910; *B. N. Bank* v. *Wilson,* 122 N. Y. 478, 482; *Bliss* v. *Lawrence,* 58 id. 442; *Taft* v. *Marsifly,* 120 id. 474; *Townsend* v. *Townsend,* 88 id. 24; *Platt* v. *Platt,* 105 id. 488; *Decker* v. *Seltzman,* 59 id. 275; *Daly* v. *Stetson,* 22 J. & S. 202, 212; *Zabriskie* v. *Smith,* 13 N. Y. 322; *Lamphere* v. *Hall,* 26 How. Pr. 509; *Brooks* v. *Hatfield,* 15 Abb. Pr. 342; *Abbott* v. *A. H. R. Co.,* 33 Barb. 578, 594; *Ten Eyck* v. *Craig,* 62 id. 406, 420; *Moore* v. *Moore,* 5 id. 256, 262; *Ackermann* v. *Emott,* 4 Barb. 62; *Glacius* v. *Fogel,* 88 N. Y. 234.)

*Per Curiam.* This appeal has been taken from an order of the General Term affirming an order of the surrogate refusing to open and modify a decree entered upon the final

judicial settlement of the accounts of the surviving executors of the will of Henry R. Worthington, deceased.

The appellant claims no other interest in the estate of the decedent than that derived from an assignment by one of the executors of his commissions. This executor was subsequently declared a lunatic and removed for mental incapacity, and died before the remaining executors had rendered an account. The executrix of the removed and deceased executor was made a party to the accounting, and the surrogate rendered a decree in which it was, among other things, adjudged that the removed executor was not entitled to commissions because he took no part in the management of the estate, or in the making and keeping of the accounts of the executors. The appellant was not cited nor heard in this proceeding, and we think it is clear that he had no such vested title, either legal or equitable, to any share or interest in the assets or property of the estate to be distributed upon the accounting or affected by it, as conferred upon him the right to be made a party to the proceeding or to be heard upon the settlement and entry of the decree. It may be conceded that the assignment of the commissions was made for a good consideration and that the removed executor had actively participated for many years in the management and administration of the estate, and that his representatives were, therefore, entitled to some consideration upon the final allowance of commissions by the surrogate. The difficulty in the way of the appellant is of another kind. Until ascertained and liquidated at the times and in the manner authorized by law, the commissions are not subject to the executor's disposal, but the right to them is inchoate, and upon grounds of public policy unassignable. There is no fundamental distinction in this respect between public and private trusts, where the statute fixes the compensation and prescribes that it shall not become due and payable until the services have been rendered, or at stated periods during the term of service. It is well settled that a public officer cannot, during his official term, and before his salary or fees become due and payable, make a valid

assignment of such salary or fees. (*Bliss* v. *Lawrence*, 58 N. Y. 442; *Bowery Nat. Bk.* v. *Wilson*, 122 id. 478.) It is believed that the efficiency of the service to be rendered depends upon the enforcement of such a rule. If the emoluments of the office might be separated from it and transferred to another, it would leave the duties of the office as a barren charge to be borne by the incumbent. It is evident that transfers of this kind would not tend to promote activity and care in the discharge of official obligations. The same considerations forbid the recognition of an assignment by an executor of his commissions in advance of the time prescribed by law for their adjustment and payment. When the hope of compensation is gone, a strong incentive to diligence and zeal is wanting, and the temptation to be content with a lax or perfunctory administration of the trust becomes more persuasive.

As the appellant failed to establish a valid title to any interest in the estate of the decedent, we are not required to consider the other questions discussed upon the argument of the appeal.

The order of the General Term must be affirmed, with costs.

All concur, except BARTLETT, J., not sitting.

Order affirmed.