ALEX M. HAMBURG, Respondent, *v.* JOHN BAUER, Appellant.

Second Department, June 26, 1925.

**Attorney and client — agreement between attorney and person not attorney to share fees is void — attorney impliedly entitled to payment of share of fees paid by third person after discontinuance of agreement.**

An agreement between an attorney and another who is not an attorney whereby the earnings of each was to be pooled and each was to receive a certain share thereof is void and cannot be used as the basis of an action.

However, an attorney who performs services for a third person which were commenced before said agreement was discontinued is impliedly entitled to receive his share of the fees earned after the discontinuance of the agreement.

APPEAL by the defendant, John Bauer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of December, 1924, upon the report of an official referee appointed to hear and determine the whole issues.

*B. F. Sturgis* [*Milton B. Ignatius* and *Hartwell Cabell* with him on the brief], for the appellant.

*Arnold Lichtig* [*Herbert A. Mossler* with him on the brief], for the respondent.

Judgment unanimously affirmed, with costs, upon the opinion of the Honorable EDWARD B. THOMAS, official referee.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ.

The following is the opinion of the official referee:

THOMAS, Official Referee:

The agreement between the parties whereby plaintiff undertook to combine his earnings from the practice of law with the defendant's earnings resulted in a sharing of fees with the defendant and enabled the defendant to practice law through the plaintiff. Such an arrangement affronts a vital governing principle of the court and disables the parties from invoking its aid in any matter falling under such agreement. It continued until September, 1921, at which date the collection of moneys for F. A. Cundill & Co., begun during the continuance of the agreement, had not been completed. When the parties discontinued the agreement they arranged that they should continue the enforcement of the Cundill claim and did so with the result that $9,314.95 has been received from Cundill for services in the matter of the claim since the discontinuance of the illegal agreement, and a balance is claimed from Cundill. In the absence of any legal convention respecting it, I consider that impliedly plaintiff is entitled to one-half such sum, which in the absence of proven expenses is $4,657.47, less the sum of $1,750 already paid him by defendant, and less also the sum of $340 which plaintiff is owing defendant and for which counterclaim is interposed. The plaintiff should similarly share in any other moneys received from or paid by Cundill on account of such employment. Plaintiff was bounden to Cundill as was Bauer, and had a proprietary interest in the agreement and whatever was received pursuant to it. Defendant could not exclude plaintiff from sharing its benefits and did not seek to do so, but rather recognized his right to same. It would be a strained and intolerable interpretation that after all benefits to plaintiff under the illegal agreement had ceased he should labor to perfect the collection and suffer it to be credited on the $6,000 loss that had accrued before the agreement was discontinued — a loss for which plaintiff was in no wise personally liable. In reaching this conclusion I entirely discarded the illegal agreement, for an agreement void *per se* cannot be used to determine subsequent relations.