CAROLINE M. ROBINSON, Appellant, *v.* HUBERT E. ROGERS and Others, Defendants.
JOAB H. BANTON, Respondent.

First Department, June 17, 1932.

*Charles H. Tuttle* of counsel [*Thomas E. Kerwin* with him on the brief; *Charles H. Tuttle,* attorney], for the appellant.

*Ferdinand Pecora* of counsel [*Harry C. Kane* with him on the brief; *Hartman, Sheridan, Tekulsky & Pecora,* attorneys], for the respondent.

PER CURIAM. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of respondent denied, with ten dollars costs, to appellant against respondent, upon the following grounds: At the time of the alleged assignment by Ferguson to the respondent of his claim for services rendered the

appellant, the assignor had no lien, either possessory or charging, any lien which he may ever have had having been lost by reason of his own misconduct and infidelity to his client's interests. After having signed a stipulation of settlement of the action, as attorney for plaintiff, appellant, herein, Ferguson gave notice that he claimed a lien upon the subject-matter of the action for legal services rendered and disbursements incurred in behalf of plaintiff. The assertion of said alleged lien prevented the settlement which had been agreed upon between the parties. The opinion of the Court of Appeals in the summary proceeding instituted by the appellant for the substitution of another attorney in place of Ferguson and to determine the amount of compensation due Ferguson and the amount of his lien, if any, for balance due for services rendered and disbursements incurred by him for the appellant, clearly indicates that any lien which Ferguson may have had was lost by reason of his professional misconduct and lack of fidelity to his client's interests. (*Robinson* v. *Rogers*, 237 N. Y. 467, 469, 474.)

In our opinion, by the assignment aforesaid from Ferguson to the respondent, the latter acquired no lien, either possessory or upon the plaintiff's cause of action for services rendered. The plaintiff's action was long since discontinued, and no action is now pending. The former proceeding instituted by plaintiff was long since abandoned by both plaintiff and by Ferguson following the decision of the Court of Appeals above mentioned. We are, therefore, of the opinion that there is no reason for a substitution of the respondent for said Ferguson in the defunct proceeding instituted by plaintiff, as aforesaid, and that the respondent can assert no lien for services rendered to plaintiff in the action.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and O'MALLEY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.