**In re FURNESS.**

No. 23923.

District Court, E. D. New York.

June 20, 1934.

James G. Moore, of New York City (James G. Moore and Albert H. Ruppar, both of New York City, of counsel), for trustee.

Montague Lessler, of New York City, for bankrupt.

INCH, District Judge.

The trustee seeks a review of an order of the referee by which order the referee denies a petition of the trustee which prayed for an order adjudging the trustee the owner of and entitled to receive all compensation of the bankrupt, as one of the trustees created by the will of James N. Brown, deceased, for receiving the corpus of the said trust and for the paying out of so much thereof that may have been disbursed to and including the date and the filing of the petition in bankruptcy, also directing the said bankrupt to account in the Surrogate's Court, in the County of Kings, as such trustee and obtain an award of compensation, etc., also directing the bankrupt to turn over such compensation to the trustee, and finally advising the trustee as to the conduct of the estate, and for further relief; etc.

The referee certifies that this bankrupt filed a voluntary petition on February 7, 1933, and was thereupon duly adjudicated a bankrupt. That for some years prior to his bankruptcy he was and still is a testamentary trustee, with two others, of the estate of James N. Brown, deceased, and that the value of the estate amounts close to $1,000,000. The will was probated October 18, 1917.

No compensation by way of commissions or otherwise has been applied for or received by the bankrupt as such testamentary trustee.

The situation therefore is that we have a bankrupt, voluntarily filing his petition, while at the same time he has been and is acting as one of the testamentary trustees of a very large estate in this district, but who, as yet, has not applied for or received any commissions to which he may become entitled when, and if, allowed by the surrogate.

The trustee in bankruptcy claims that this situation is most unjust to the creditors and wants this court to compel the bankrupt to now apply for his compensation and turn over to him that portion awarded for receiving the corpus and the disbursements prior to the bankruptcy.

I see no reason to add to the decision of the referee.

█ There is no question, so far as I can see, that the highest court of the state of New York has clearly stated that the right of this bankrupt, as such trustee, is "inchoate" until ascertained and liquidated at the times and in the manner authorized by law. That he has no "vested" title at the present time, either legal or equitable, to any share or interest in the estate to be distributed upon the accounting. In re Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97; In re Ziegler, 218 N. Y. 554, 113 N. E. 553; In re Barker, 230 N. Y. 364, 130 N. E. 579.

█ This being so, no title vested in this trustee to such future allowance, under the provisions of section 70a (5) of the Bankruptcy Act, 11 USCA § 110 (a) (5), however broadly this may be interpreted. "There must at least be something there which the law would denominate a property right." Remington on Bankruptcy (3d Ed.) vol. 3, § 119, and cases cited.

The referee must therefore be affirmed on this point.

█ There is, however, a right allowed under the law of the state for a testamentary trustee to apply for compensation prior to the final closing of the estate, the same to be in the "discretion," both as to allowance and amount, of the surrogate. In re Bushe, 227 N. Y. 85, 124 N. E. 154, 7 A. L. R. 1590.

The trustee therefore seeks an order compelling the bankrupt to make such application.

With due regard to the duty of the bankrupt to comply with all lawful orders of the court, and facilitate the administration of the estate, so far as would appear here, he has turned over to the trustee all property possessed by him to which he is lawfully entitled, and the innumerable cases which indicate the right of the court to compel execution of documents, applications, etc., all presuppose such existing legal right of some sort in the estate.

846

Accordingly it is my opinion that the referee was correct in also deciding, at the present time, that the trustee's petition should be denied in this regard.

I may say, however, that perhaps the bankrupt will not object to the trustee making an application to the Surrogate's Court stating the facts and requesting the surrogate to order an accounting for the purpose of an allowance on account. If the surrogate denies such attempt either because of opposition of the bankrupt or for some other reason, or refuses to make any allowance even if an application is so made by either the bankrupt or his trustee, it seems to me that is about all that the trustee can do for the creditors. No order is needed for such application nor, in my opinion, would it avail.

The motion to reverse the referee is denied, and his order is approved.