**In re FURNESS.**

**GRIFFIN v. FURNESS.**

No. 222.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

James G. Moore, of New York City (James G. Moore and Albert H. Ruppar, both of New York City, of counsel), for appellant.

Montague Lessler, of New York City (Mack F. Goldman, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The bankrupt has for some years been one of three testamentary trustees under the will of James N. Brown, who died a resident of the county of Kings in New York, where his will was probated. Neither he nor his cotrustees have ever filed any account of their trust or been allowed any compensation for their services. Under the law of New York, a faithful testamentary trustee is entitled to compensation for his services and expenses to be determined by the surrogate under the provisions of section 285 of the Surrogate's Court Act, and presumably the bankrupt is entitled to an allowance whenever he sees fit to settle his account.

The appellant, as his duly appointed and qualified trustee in bankruptcy, applied to the referee for an order compelling the bankrupt to settle his account, apply for an allowance, and to turn such allowance as he might receive over to the appellant for administration as an asset in the bankruptcy proceedings. The referee denied the application, and, from the confirmation of the referee's order, this appeal was taken.

Section 70a of the Bankruptcy Act (11 USCA § 110 (a) provides that upon his appointment a trustee in bankruptcy shall be vested by operation of law with the title which the bankrupt had at the time of adjudication, except in so far as it is to property which is exempt, to what is embraced with-

in the descriptive language of six subdivisions. Of these, subdivision (5) is the most comprehensive. None of the others are sufficiently broad to cover such an inchoate right of the bankrupt as this trustee is attempting to take over. Under subdivision (5), § 70a of the act, 11 USCA § 110 (a) (5), title is vested in the trustee to the bankrupt's "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." The further provision relating to the cash surrender value of insurance policies has no application to this appeal.

■ Whether property could have been transferred by a bankrupt prior to the filing of the petition or was then subject to levy and sale under judicial process against him is generally a matter of local law. In re Berry (D. C.) 247 F. 700, 705. It has been settled to be against public policy in New York since Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97, to permit a fiduciary to assign his unascertained and unliquidated commissions. See Fischer v. Liberty Nat. Bank & Trust Co. (C. C. A.) 61 F.(2d) 757. When the petition in bankruptcy was filed, the potential allowance which the appellant is now seeking to reach was of that nature and so does not fall within section 70a (5). The decision in Re Brown (C. C. A.) 4 F.(2d) 806, was limited in the Fischer Case just cited, and should be so confined in application.

■ We do not now undertake to decide whether the title to any property not expressly enumerated in section 70a of the Bankruptcy Act passes to the trustee. It was held in Re Baudouine (D. C. N. Y.) 96 F. 536, that a bankrupt's property not within the language of section 70a might pass to the trustee for administration, and, while this view was not expressed by a majority of this court, when the decision was reversed on other grounds on appeal (see 101 F. 574), Judge Lacombe took occasion to write a concurring opinion for the sole purpose of approving it. The question is discussed in Chandler v. Nathans (C. C. A.) 6 F.(2d) 725, but not decided. In any event it is certain that, whatever the trustee in bankruptcy is entitled to, indeed in duty is bound to administer, must be either the property, or the rights which may be pursued and reduced to property, which the bankrupt had as of the time of the adjudication.

■ The possibility of an allowance for services which this bankrupt then had by virtue of his having served as a testamentary trustee was neither property nor a property right at least until his fees were unconditionally earned in the sense that they were no longer dependent upon his future conduct. Compare Fischer v. Liberty Nat. Bank & Trust Co., supra. Merely acting as such a trustee is not enough. He must account properly before he is entitled to a cent. Not until he does so account will any part of his prospective allowance have been earned as a matter of law. That being so, the appellant has no interest in any allowance which can now be made, and so no right to require an accounting by the bankrupt.

Order affirmed.