WALTER F. DOWNEY, as Receiver of THE FIRST NATIONAL BANK AND TRUST COMPANY OF YONKERS, NEW YORK, Plaintiff, *v.* JOHN J. FOGARTY and THE FIRST NATIONAL BANK IN YONKERS, Defendants.

Supreme Court, Special Term, Westchester County, December 3, 1940.

*Benjamin W. Moore,* for the plaintiff.

*Irving Schneider,* for the defendant John J. Fogarty.

*Boote & Fay,* for the defendant First National Bank in Yonkers.

DAVIS, J. The claim of the defendant First National Bank in Yonkers is based upon an assignment from the defendant Fogarty of a prospective allowance to the latter for services to be performed in the future as a special guardian appointed by the Surrogate's Court in an accounting proceeding. The assignment was given before any allowance had been made to the defendant Fogarty by the court and in fact prior to his actual appointment as special guardian.

The rule is well settled that such an assignment is void as against public policy. (*Matter of Worthington*, 141 N. Y. 9.)

The basis of the rule is that if such an appointee were permitted to dispose of his prospective fee before the completion of the services, little incentive is left to him to perform the services in a diligent and zealous manner.

If the policy of the law is viewed from that standpoint, it will be seen that no distinction can be made for present purposes between a special guardian and any other fiduciary appointed by the court. Although the duties of a special guardian are very similar to those of an attorney, there is nevertheless this difference between the two: that the court is solely responsible for the appointment of a special guardian and the person for whom he acts has no voice in his employment. For that reason the law may be expected to supervise more strictly the performance of a special guardian's duties, and to take greater precaution against the possibility of negligence on his part, than in the case of a private attorney.

It follows that the plaintiff is entitled to judgment for the relief demanded in the complaint.