**LOCKHART v. MITTLEMANN.**

**No. 33.**

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

George J. Hirsch and Krause, Hirsch & Levin, all of New York City, for appellant.

Harry Mesard, of New York City (Walter B. Kempner and Louis S. Maritzer, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order in bankruptcy denying the petition of the trustee to compel the bankrupt to account for moneys received by him after petition filed. The facts are as follows. On October 24, 1935, a judge of the New York Supreme Court appointed Mittlemann, the bankrupt, one of three trustees to carry out a "Plan of Reorganization," approved in the preceding January in a proceeding in that court to "rehabilitate" the affairs of the New York Title and Mortgage Company. He at once qualified and was still serving as trustee when, on September 1, 1939, he filed a voluntary petition in bankruptcy and was adjudicated. The "Plan" had provided that the trustees should file their accounts semi-annually, and that the court should fix their compensation, though at no more than the rate of one per cent per annum on the principal of the mortgages in their custody. The trustees did so file their accounts every six months and the court regularly approved them, and had always granted Mittlemann a semi-annual allowance at the rate of $8,000 a year. The allowance for the six months ending June 30, 1938, had been made and paid before petition filed, and on May 4, 1939, the trustees filed their accounts for the six months ending December 31, 1938; but the judge did not pass the accounts or grant any allowance for that period until September 5th, five days after Mittlemann's adjudication. The question is whether on September 1st his right to the allowance made on the 5th was within the terms of § 70, sub. a (5), Bankr. Act, 11 U.S.C.A. § 110, sub. a (5); that is, whether "he could by any means have transferred" it. The referee held that he could and that the allowance passed to the trustee in bankruptcy, but the judge re-

versed this upon the authority of our decision in Re Furness, 2 Cir., 75 F.2d 965.

We held in Fischer v. Liberty National Bank & Trust Co., 2 Cir., 61 F.2d 757, that an allowance made to the receiver of a federal court was not assignable as against the receiver's trustee in bankruptcy, although the bankruptcy petition had been filed after the judge had granted it. That was because at adjudication the bankrupt had not yet distributed the funds in his hands as receiver and the allowance had been made conditional upon his doing so. As we interpreted the court's grant, the situation was therefore merely an instance of the doctrine that the officer of a court cannot assign his compensation for services any part of which he has not yet performed. There has never been any doubt that such a power would be likely seriously to chill the officer's zeal in the discharge of what remained of his duties, and courts have always denied it to him. On the other hand, if the services have been all rendered for which the allowance is made, the same reasoning does not apply, as we said in Fischer v. Liberty National Bank & Trust Co., supra (61 F.2d 757) in explanation of Milnor v. Metz, 16 Pet. 221, 10 L. Ed. 943. The dividing line is therefore whether the compensation has been so far "earned" that the officer's conduct thereafter is not a factor in determining its amount.

When the services are rendered by the officer of a state court which grants the allowance, obviously the state law must say how far the officer's subsequent conduct is relevant; and for that reason In re Worthington, 141 N.Y. 9, 35 N.E. 929, 23 L.R.A. 97, rules here. In that case one of several executors, after qualifying and serving for a number of years, assigned his commissions to his attorney, and later became a lunatic and died. The Surrogate passed the executors' accounts without notice to the assignee, and denied any commissions to the dead executor's estate; and later the assignee moved to reopen the decree on the ground that it had shut him out without hearing. The Surrogate and the General Term decided the case upon other grounds, but the Court of Appeals rested its decision squarely upon the fact that nothing had passed by the assignment, and that the assignee had therefore no interest in the estate and was not entitled to be heard, although the executor's commis-

sions had been at least in part "earned" before the assignment was made. The court made no distinction between the situation before it and one in which the officer assigned his compensation for services none of which had yet been rendered. The decision has been again and again cited with approval by New York courts, though, so far as we can find, the same situation has not occurred. It is certainly the law in that state and was the basis of our decision in Re Furness, supra, 75 F.2d 965.

Order affirmed.