### In re PRINCE.

No. 78311.

District Court, S. D. New York.

Jan. 13, 1942.

Benjamin Siegel, of New York City, for trustee.

Powers, Kaplan & Berger, of New York City (David A. Ticktin, of New York City, of counsel), for Sigsbee Graham, respondent.

BRIGHT, District Judge.

Sigsbee Graham petitions for a review of an order made by the Referee in the above entitled proceeding on November 10, 1941, which directed that Lawrence S. Greenbaum, Nelson I. Aisel and Theodore I. Prince as trustees under the last will and testament of Sidney S. Prince, deceased, pay to the trustee in bankruptcy $1,514.01, to be held by the trustee in a special account, subject to any and all claims that Emma Loeb and William S. Loeb, as executors, etc., of Arthur Loeb, deceased, Sigsbee Graham, Helen L. Prince and Theodore Prince, the bankrupt, or any other person may have thereto.

The sum directed to be turned over represents commissions of the bankrupt as one of the trustees under the will of Sidney S. Prince, deceased. The bankrupt, upon the hearing before the Referee, consented to the turning over of the sum mentioned, subject to any claim that the bankrupt may have thereto after the delivery of the money to the trustee.

The only person objecting was the petitioner, and his interest is based upon an agreement dated January 2, 1933, made by the bankrupt with his wife, Helen L. Prince, Arthur Loeb, now deceased, and the petitioner, by the terms of which the bankrupt assigned to the other three all of his interest in the estates of Sidney S. Prince and Leo M. Prince, "including all of his right, title and interest in and to any commissions to which he may now or hereafter be entitled as executor and/or trustee under either or both of said wills", as collateral security for the payment of certain amounts advanced by the assignees.

 The assignment to the petitioner of the commissions in the Prince Estate was void. Matter of Worthington, 141 N.Y. 9, 35 N.E. 929, 23 L.R.A. 97. The commissions not having been allowed, and, in fact, the time when they were payable not having arrived, they were really not a part of the bankrupt estate, and their turning over could not have been compelled if proper objection had been made by the bankrupt. In re Furness, 2 Cir., 75 F.2d 965.

Inasmuch as the petitioner took no interest in the moneys in question by his assignment, he has no standing to review the order below.

The petition is dismissed.