Morris E. Spector, J.
This is a motion to dismiss a complaint under subdivision 4 of rule 106 of the Rules of Civil Practice, that it does not state facts sufficient to constitute a cause of action, also under subdivision 6 of rule 107, that the claim or demand set forth in the complaint has been released, and that the plaintiff is barred by laches. In determining this motion insofar as it applies to rule 106, the court will not consider the affidavits of either party or any facts outside of the pleadings.
This is an action commenced by a layman against a lawyer. The first cause of action is based on an agreement which alleges that the defendant attorney assigned and transferred for a valuable consideration a part of a contingent fee which the attorney might recover from a pending action, to the plaintiff; that said agreement was contrary to law, and when plaintiff ascertained that, he rescinded the agreement and demanded the return of his money. The second cause of action alleges that the defendant by written agreement assigned for valuable consideration an additional portion of said fee, together with a portion of another fee, for which the attorney was suing. That this was likewise contrary to law. On learning this he rescinded the agreement and demanded a return of Ms money. The third cause of action alleges that the defendant warranted and represented that he had the right to sell such interests, when as a lawyer he had no such right.
While it is true that any agreement by a layman to share in the earnings of a lawyer is void and cannot be the basis of an action (Hamburg v. Bauer, 214 App. Div. 60), here, however, the plaintiff was merely the assignee of a portion of any money which the defendant received after a successful judgment. It has been held that the charging lien of an attorney is assignable (1 Carmody-Wait on New York Practice, p. 361, and cases cited) and that an attorney’s lien upon a judgment is assignable and that there is nothing in public policy nor in the statutes which forbids the assignment of them (Leask v, Hoagland, 64 Misc. *873 156). The court has been unable to find any statutory prohibition to the assignment nor has the plaintiff cited any in its memorandum. A review of the decisional law has failed to show that in the circumstances as indicated in this matter, the assignment is condemned or contrary to law nor has the plaintiff cited any such cases. The plaintiff has only shown that the Committee on Professional Ethics of the New York County Lawyers Association in opinion 349 frowns upon such practice because questions thereafter relating to compensation may interfere with the full discharge of his duty to his client. The court is of the opinion that the contracts which are annexed to the complaint are not contrary to law or against public policy and that therefore the motion to dismiss the complaint must be granted. Settle order.