■ UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Respondents, v. ZARAH WILLIAMSON, Appellant.— In an action by a former attorney of record in a personal injury action and by his assignees, to recover for money had and received by the defendant, who was substituted as such attorney of record, the defendant appeals from an order of the Supreme Court, Kings County, dated October 4, 1963, which denied his motion for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. This action for money had and received seeks to reach part of a contingent fee arising out of a judgment obtained in a personal injury action. The plaintiffs are William A. Clark, formerly counsel of record in the personal injury action, and three others to whom Clark had executed assignments of his interest in that action. It appears that in 1957 Clark had been retained as attorney for the injured person. Clark immediately retained another attorney, the defendant Williamson, to prosecute the action. The latter avers that the agreement between them was that they would share the contingent fee equally on the basis of division of services or responsibility. The extent of the services rendered by Clark is disputed; it appears that Clark was confined to various hospitals for most of the period between October, 1957 through July, 1958. In any event, on June 23, 1958, the client (the injured person) executed a stipulation substituting the defendant Williamson

as counsel of record for plaintiff Clark. Thereafter, on July 24, 1958, the plaintiff Clark assigned to the other three plaintiffs "any and all right, title or interest" that he (Clark) then had in the personal injury action, including his fee. Defendant contends that the assignment is against public policy. This contention must fail. Having been discharged, Clark had no further responsibilities to prosecute the action. Whatever claim or lien he then had on the proceeds of the action was assignable (*Leask* v. *Hoagland*, 64 Misc. 156; see, also, *Matter of Leopold*, 186 App. Div. 872, 875, affd. 226 N. Y. 692; *Robinson* v. *Rogers*, 236 App. Div. 1). Had Clark *not* been discharged as the injured person's attorney, the result would be different; in such a case the assignment would have offended public policy (cf. *Matter of Worthington*, 141 N. Y. 9, 11; *Lockhart* v. *Mittlemann*, 123 F 2d 703; but see *Douglas* v. *Benton*, 7 Misc 2d 872, affd. 7 A D 2d 633). An assignment, in whole or in part, of a fee which is yet to be earned can only dampen the enthusiasm of the lawyer for his client's cause and is subversive of the attorney-client relationship. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.