trator must, as a condition of relief, do equity with respect to allowing deductions for sums actually expended.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1698–1715; Dec. Dig. ☞434.]

Discovery proceeding in the matter of the estate of William May. Order in accordance with the opinion.

Walter A. Swett, of New York City, for administrators.
Peter P. McElligott, of New York City, for respondent.

Settle order on notice.

(92 Misc. Rep. 658)

## In re ENO.

(Surrogate's Court, New York County. December, 1915.)

1. EXECUTORS AND ADMINISTRATORS ☞501—COMPENSATION—DETERMINATION.
   The question of commissions to which temporary administrators may be entitled cannot be determined by the surrogate until the judicial settlement of their accounts.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2072, 2140, 2142–2148; Dec. Dig. ☞501.]

2. EXECUTORS AND ADMINISTRATORS ☞122—WAIVER OF COMPENSATION—ORDER.
   Where one was appointed as temporary administrator on condition of his consent to serve without compensation, his consent should be filed in the Surrogate's Court before the order is signed, but the order should not contain a direction that he serve without compensation.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 494–495½; Dec. Dig. ☞122.]

3. EXECUTORS AND ADMINISTRATORS ☞122—DEPOSIT OF FUNDS—COLLECTION BY DEPOSITARY.
   Where a trust company was named as a depositary of the funds of an estate during a temporary administration, the court could not require it to take upon itself the active duty of collecting securities; that being a duty of the temporary administrators.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 494–495½; Dec. Dig. ☞122.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

4. EXECUTORS AND ADMINISTRATORS ⬤⟿122—POSSESSION OF PROPERTY—OR-
DER.
     An order appointing temporary administrators should not contain an
     authorization to take possession of the personal property, as that is
     merely declaratory of the law.  Code Civ. Proc. § 2597.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
     Dig. §§ 494–495½; Dec. Dig. ⬤⟿122.]

5. EXECUTORS AND ADMINISTRATORS ⬤⟿122—CONTEST—INSPECTION OF PAPERS.
     The court, on motion for the appointment of temporary administrators,
     has no power to make an order allowing the attorneys for the contest-
     ants to inspect and examine the papers, etc., belonging to the decedent.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
     Dig. §§ 494–495½; Dec. Dig. ⬤⟿122.]

6. DISCOVERY ⬤⟿86—PROBATE—INSPECTION OF PAPERS—STATUTE.
     In such case the attorneys for the contestants, or for the residuary
     legatee, if necessary to inspect any of the papers of the decedent, may
     apply to the court for discovery, under Code Civ. Proc. §§ 803, 809.
     [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec.
     Dig. ⬤⟿86.]

The Trustees of Columbia University in the City of New York, the
residuary legatee and devisee named in the paper offered for probate
as the last will of Amos F. Eno, deceased, move for an order ap-
pointing temporary administrators.  Proposed decree modified and
allowed.

Henry De Forest Baldwin, of New York City, for executor.

Nash & Jones, of New York City, for Columbia University of City
of New York.

De Forest Bros., of New York City, for Metropolitan Museum of
Art.

Charles H. Beckett, of New York City, for contestants Gifford Pin-
chot and Amos R. E. Pinchot.

Arthur C. Train, of New York City, for contestant Henry Lane Eno.

Simpson, Thacher & Bartlett, of New York City, for contestant
William P. Eno.

Sullivan & Cromwell, of New York City, for contestants Antoinette
E. Wood, Florence C. Graves, and Mary P. Eno.

FOWLER, S.  A motion having been made by the Trustees of
Columbia University in the City of New York, the residuary legatee
and devisee named in the paper submitted for probate as the last will
and testament of Amos F. Eno, deceased, for an order appointing
temporary administrators of the estate of the decedent, and the mo-
tion having been duly heard, proposed decrees upon the said motion
have been now submitted by the residuary legatee and by the con-
testants.

[1] The proposed decrees attempt to provide for commissions or
compensation to which the temporary administrators may be entitled.
The question of commissions cannot be determined by the surrogate
until the judicial settlement of the accounts of the temporary adminis-
trators; therefore any provision in the proposed decree limiting or
determining the amount of such commissions must be stricken out.

[2] The proposed decrees also contain a direction that William P. Eno shall serve as temporary administrator, without compensation. Mr. Eno's appointment was conditional upon his consenting to serve without compensation, and his consent to this condition should be filed in this court before the order is signed. The order should not contain a provision directing that he serve without compensation. I observe that the parties agree that the United States Trust Company shall be named as the depository. I am always pleased to have the parties agree when I think it is not inconsistent with the public interests. In this instance the selection is eminently proper.

[3] But that part of the proposed order submitted by the residuary legatee which directs that the United States Trust Company shall receive and collect the principal and the interest of securities should be struck out, as the United States Trust Company is named as a depository, and the court cannot impose upon it the active duty of collecting securities. This duty is properly placed upon the temporary administrators in folio 13 of the proposed decree presented by Messrs. Nash & Jones.

[4] That part of folio 17 which authorized the temporary administrators to take possession of the personal property should also be struck out, as it is merely declaratory of the law (section 2597, Code Civ. Proc.).

[5] The last paragraph, which directs the temporary administrators to afford the attorneys for the contestants an opportunity to inspect and examine the papers, books, and documents belonging to the decedent should also be stricken out, as the court has no power upon this motion to make such an order. In so far as the papers in the hands of the temporary administrators may be regarded as in custodia legis, my desire will be that either the members of the testator's family or his residuary legatee should have the fullest disclosure possible consistent with the justice due to the testator's wishes in regard to his private and irrelevant papers.

[6] If it should become necessary for the attorneys for the contestants or the attorneys for the residuary legatee to have on inspection of any of the books or papers of the decedent they may apply to the court in conformity with the provisions of section 805 and section 809, Code of Civil Procedure. Dale v. Stokes, 5 Redf. Sur. 586, affirmed 28 Hun. 564.

The proposed decree submitted by the residuary legatee should be changed, so as to conform to this decision, and, as then corrected, presented to me for signature.