In the Matter of the Application of JULIA A. HARDEN, as Administratrix, etc., of PATRICK J. HARDEN, Deceased, to Discover Certain Properties of the Deceased Claimed to Be Withheld, Pursuant to Section 205 of the Surrogate's Court Act. JOHN A. KENNEDY, Appellant; JULIA A. HARDEN, as Administratrix, etc., of PATRICK J. HARDEN, Deceased, Respondent.— Appeal from a decree of the Surrogate's Court, Kings county, dismissing appellant's claim against the estate of Patrick J. Harden, and directing the turnover of certain property. Decree reversed on the law and the facts, with costs to the appellant, payable out of the estate, and the matter remitted to the surrogate for further hearing. We think the determination of the surrogate upon the evidence before him was proper. In our opinion, however, he should not have closed the hearings without affording the claimant further opportunity to obtain the attendance of the daughter of the decedent as a witness. She is interested in the estate and appears by attorney. Her attorney states that he is unable to procure her attendance for examination as a witness, and cannot give an address where she can be served with process. The surrogate should exercise his power to compel the attendance of the witness. He may penalize her interest in the estate. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

In the Matter of the Application of WILLIAM C. OBERWALDER, Respondent, as Administrator de Bonis Non, etc., of JOSEPH OBERWALDER, Deceased, for a Determination as to Character of Certain Assets Belonging to the Estate. HENRY O. SMITH, as Executor, etc., of ANNA BELLE NORTH, Deceased, Appellant.— Decree of the Surrogate's Court of Queens county modified by striking from the decretal paragraph the words " subject to a proper allowance for the dower interest of the widow," and as so modified, unanimously affirmed, with costs, payable out of the estate, to the parties filing briefs. The equitable interest of the decedent in the real property is not subject to dower. Seizin in the husband is an essential of the right of dower. The mere right of possession, upon terms, under the writing is not sufficient. (*Phelps* v. *Phelps*, 143 N. Y. 197; *Melenky* v. *Melen*, 233 id. 19.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ. |See *ante*, p. 759.]

In the Matter of the Judicial Settlement of the Accounts of MALETA L. O'SULLIVAN, as Administratrix, etc., of T. JOSEPH O'SULLIVAN, Deceased. HENRY J. O'SULLIVAN and MARY O'SULLIVAN, Appellants; MALETA L. O'SULLIVAN, as Administratrix, etc., of T. JOSEPH O'SULLIVAN, Deceased, Respondent.— Decree of the Surrogate's Court of Suffolk county judicially settling the accounts of the administratrix unanimously affirmed, with costs, payable by the appellants personally. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.