In the Matter of the Accounting of ALBERT S. GORMAN, as Executor of THOMAS ANNUNZIATO, Deceased.

Surrogate's Court, Kings County, October 23, 1951.

*Joseph B. La Manna* for executor, petitioner.

*Lester Grossman* for Marie Gott, as executrix of Julia Annunziato, deceased, objectant.

RUBENSTEIN, S. The surviving executor has presented his account for judicial settlement. Objections on various grounds have been filed thereto by the legal representative of a deceased coexecutrix, Julia Annunziato, who was also sole residuary legatee under the will herein. These objections will be considered in the order as they appear in the filed answer.

The first objection concerns itself with the payment of $4,500 for counsel fee for legal services rendered in connection with the estate, including this proceeding. The court is satisfied from the documentary proof, and so finds, that Julia Annunziato agreed to pay this sum for such services. Since, as has been pointed out, she was sole residuary legatee, she was the absolute owner of the residuary estate (*Blood* v. *Kane,* 130 N. Y. 514) and entitled to dispose of it as such. However, the court has evaluated the legal services rendered and determines that such sum is a reasonable charge for the services.

Although the court finds such sum reasonable in amount, there are certain features thereof which present considerations of serious import. The uncontradicted proof in connection with the services, which the court accepts, establishes that all the legal services were performed by the record attorney who testified that he was the sole estate attorney. Each paper on file in this court bears his indorsement as such and his testimony indicates beyond any question that no one assisted him in the performance of any of the legal services required except a tax expert with whom he consulted concerning certain phases of the testator's tax returns. Yet, the record attorney has testified that he paid one third of his fee to the accounting executor who is likewise an attorney. It does not require extended citation to establish that the executor was without authority to receive such fee and hence received it improperly. Section 212, of the Surrogate's Court Act, forbids a fiduciary to satisfy his own claim out of estate property until it has been proved to and allowed by the court and the decisions require automatic surcharge of a fiduciary who breaches this statute. (*Matter of Maas,* 38 N. Y. S. 2d 261.) The receipt of such counsel fee by the executor offends also section 285 of the Surrogate's Court Act, which indicates quite clearly that an

executor who is an attorney must present a claim for legal services to the court for examination and allowance. (*Matter of Jones,* 90 N. Y. S. 2d 598.) No such claim was presented to this court. The executor attorney not only disregarded these provisions of law but also violated the Canons of Professional Ethics when he received the fee. The court notes here No. 34 of such canons, which provides: " No division of fees for legal services is proper, except with another lawyer, based upon a division of service or responsibility."

Under this canon, which is entitled to the force of law, the executor attorney was not authorized to receive the fee because he performed no legal services and assumed no responsibility. In fact, his services were limited solely to those which are executorial duties. (See, also, *Clark* v. *McClintock,* 252 App. Div. 857.) For these reasons, the objection is sustained to the extent of $1,500 which was the amount improperly received by the executor attorney and with which sum he is surcharged.

Objection 2 was withdrawn.

Objection 3 relates to a payment made to an attorney for services rendered in connection with decedent's income and other tax returns. The court determines that such services were authorized by the sole residuary legatee and, additionally, that the sum paid therefor is reasonable in amount. The reasons for engaging such tax expert appear cogent and convincing. This objection is overruled.

Objection 4 concerns itself with a personal claim of the executor which he improperly allowed (Surrogate's Ct. Act, § 212). However, the court has taken proof of such claim and finds that it has been sustained. The amount credited will be allowed. The objection is overruled.

Objection 5. This objection seeks to surcharge the surviving executor with interest on estate funds upon the claim that the executor negligently failed to invest such funds in legal securities or deposit them in a savings bank with resulting loss to the estate. The most substantial part of the estate consisted of a cash deposit in a trust company. After decedent's death, such deposit was continued in the name of the estate for over three years. During such period, the fund failed to earn any income whatever. It must be noted that the sole residuary legatee acted as cofiduciary during almost that entire period. The retention of the fund in the trust company is sought to be justified by the testimony of the record attorney concerning acts of and conversations with the deceased sole residuary legatee. Since, in such connection, said attorney's testimony

was entirely competent under section 347 of the Civil Practice Act, the court has given it careful consideration. It was not disputed and is not incredible as a matter of law. In the absence of even some slight contradictory evidence, the court accepts such explanation and finds that the executor was not neglectful in respect of such fund. This objection is overruled.

Objection 6 is sustained. Only the court may allow commissions to a deserving executor (Surrogate's Ct. Act, § 285), and the executor was without authority in paying such commissions to himself in advance of the court's direction. By reason of the surcharge in connection with the first objection, it is obvious that the court would not be justified in awarding commissions to this executor, therefore, the objection is sustained and the executor is surcharged with the sum of $947.39.

Objection 7 was withdrawn.

In view of the ruling made in connection with objection 6, it is clear that objections 8, 9, 10, and 11 are now academic and are thus treated.

Proceed accordingly.