George Frankenthalbr, S.
The objection of the special guardian to payments totalling $24,973.10, on account of a purported obligation of the decedent to his daughter, is sustained. The undisputed facts do not establish any legal obligation upon the executors to make this payment. The alleged obligation is premised entirely upon oral statements of the decedent before and after his daughter’s marriage. If the words of the decedent were expressive of an intention to make a wedding gift to his daughter, the fact is that a gift was never consummated by him in his lifetime. If the decedent’s statements are regarded as contractual in nature, any agreement upon his part is void under the Statute of Frauds because there concededly is neither a note nor written memorandum thereof. (Personal Property Law, § 31, subd. 3; Papaioannou v. Britz, 285. App. Div. 596.) Contrary to the assumption of the executors, it is not their prerogative to refuse to invoke the Statute of Frauds and thereby deprive beneficiaries under a will of the benefit of the statute. (Matter of Rogers, 249 App. Div. 762, motion for leave to appeal denied 274 N. Y. 642.)
The executors improperly paid themselves sums on account of their commissions in violation of sections 285 and 285-c of the Surrogate’s Court Act, and contrary to the many decisions holding that, in the absence of explicit statutory permission, commissions are not payable to an executor or other testamentary fiduciary unless and until they are allowed by the court. (Beard v. Beard, 140 N. Y. 260; Matter of Worthington, 141 N. Y. 9; Oakeshott v. Smith, 104 App. Div. 384, affd, 185 N. Y. 583; Matter of Furniss, 86 App. Div. 96; Matter of Eno, 92 *764 Misc. 658; Matter of Hoff, 186 Misc. 684, 686.) The fee of the attorney-executor is allowed in the amount requested. The prepayment of a portion of this fee also was improper. (Matter of Maas, 38 N. Y. S. 2d 261; Matter of Jones, 90 N. Y. S. 2d 598; Matter of Annunziato, 201 Misc. 971; Matter of Hildreth, 274 App. Div. 611, 615, affd. 301 N. Y. 705.) The special guardian has properly objected to the further violation of section 285 of the Surrogate’s Court Act by the unauthorized payment to the executrix of her personal claim. The proof now submitted in support of that claim establishes its validity (Matter of Kolben, 203 Misc. 1012) and it is allowed. The person who would benefit from surcharges for interest on these improper payments has not objected and for this reason surcharges are not imposed.
The court approves the procedure recommended by the executors with regard to the treatment to be accorded to the New York State fiduciary income tax paid and to be paid on the annual payments to the testator’s widow pursuant to paragraph 10-B of the will.
Submit decree on one day’s notice settling the account.