Maximilian Moss, S.
Motion to modify the demand for a bill of particulars of the movant’s claims for attorney’s fees set forth in the accounts of the temporary administrator, heretofore assigned for a hearing before a referee, is disposed of as follows. The motion will be granted to the extent that in lieu of the items demanded, the attorney for the accountant will furnish (1) an itemized statement of the legal services rendered to the accountant by movant and his associate Matter; if any service was performed by way of a writing to identify such writing and state the substance thereof; and (2) a statement of the value of the services claimed to have been so rendered with reference to each separate matter in its entirety (Gormly v. Smith, 165 App. Div. 169).
That portion of movant’s motion which seeks to eliminate from said demand so much thereof as requires movant to furnish particulars of the legal services rendered by his other associate Zuckerman is also granted for the following reasons. Prior to his appointment as a fiduciary herein, Zuckerman together with Malter and movant made an arrangement whereby the fee to be paid to the movant was to be divided among the three. Zuckerman has filed objections to the amount of the fee as allowed by the accountant. Zuckerman has thus placed himself in a position of one who, although stoutly maintaining a pecuniary interest and partnership in movant’s claim, nevertheless becomes an adversary to movant in its determination. To deny movant’s motion in respect of this part of the demand would require movant to prepare his case in collaboration with one who has become an adversary, a situation ethically questionable.
A further factor is of considerable concern to the court. Zuckerman is a coadministrator. If he himself had filed the claim, or any claim against the estate, he would be required to prove the same (Surrogate’s Ot. Act, §§ 212, 285). Should the rule be different merely because the fiduciary’s claim is included in that of another? The court thinks otherwise, and holds that a fiduciary who is to share in the proceeds of a claim to be satisfied out of the property of the deceased is in the same position as a fiduciary who makes the claim directly; and such a. fiduciary may not receive payment until approved by the court. To hold otherwise would set a precedent and suggest a vehicle by which unauthorized fees would indirectly be validated.
This court struck down similar situations in Matter of Annunziato (201 Misc. 971); Matter of Rabinowitz (150 N. Y. S. 2d 727), and Matter of Citrin (N. Y. L. J., Aug. 19, 1957, p. 4, col. 7). In those cases the fees claimed resulted from legal serv *983 ices performed after the attorney, who was to share in the fee of the record attorney, became a fiduciary, while here the services were performed by Zuckerman before he became a fiduciary. But the principle is the same and the present application is a logical extension thereof. It may be laid down as a rule that once a person assumes the role of a fiduciary any claim of his, whether present or future, whether presented directly or indirectly, must be approved by the court upon application before payment is made.
By this holding therefore the movant is not required to furnish particulars of the legal services rendered by Zuckerman as his associate. At the same time Zuckerman, not having applied for a determination of his claim, is under no present obligation to furnish particulars thereof. To meet this unenviable and fortunately rare situation, and yet not to prejudice the attorneys for the distributees, who have demanded particulars of the overall claim including the services rendered by Zuckerman in association with the movant, the disposition of this motion shall be without prejudice to the right of said attorneys to obtain particulars of the services rendered by Zuckerman in connection with the determination of this motion. They may therefore apply to this court on notice at the foot of the order to be made herein or for a separate order directing Zuckerman to furnish particulars in a separate bill as to the services claimed to have been rendered by him to the accountant and the alleged value thereof.
The movant’s bill of particulars shall be served within 20 days after service upon him of a copy of the order to be made herein. Settle order on notice.