Burke, J. (dissenting).
I dissent and vote to affirm.
The contract, a single joint retainer, typewritten on one sheet of paper, did provide for one indivisible fee for services which were at least partly legal and for the payment of all expenses and disbursements by the lawyer, a former employee of the Internal Revenue Bureau, and accountant. Plaintiff, a lawyer-accountant admitted to practice in the Tax Court, and the accountant, Glickman, who was not so admitted, were clearly partners in the strictest sense, sharing jointly profits and losses (expenses) with respect to a legal matter. It requires no extended discussion to demonstrate that this violates the canons of ethics governing the independence required of a lawyer in his dealings with his client. ('See Rules of Practice of U. S. Tax Court, rule 2; Canons of Professional Ethics of American Bar Assn., Nos. 12, 33, 34, 35, 47; Opinion 614 of Association of Bar of City of New York; Opinion 343 of New York County Lawyers *462 Assn.; Opinion 297 of American Bar Assn. Committee on Professional Ethics.) These canons are declarative of the policy of this State respecting the conduct of attorneys and I think the general rule applicable to contracts against public policy should control. No cause of action should be held good where the complaint states on its face an illegal agreement. The agreement also violates the Treasury Department Regulations prohibiting wholly contingent fees for services in matters before the Internal Revenue Service. (Code of Fed. Reg., § 10.37, subd. [b]; 1963 Fed. Tax Regs., vol. 2, p. 1672.) (Stone v. Freeman, 298 N. Y. 268; McConnell v. Commonwealth Pictures Corp., 7 N Y 2d 465; Van Bergh v. Simons, 286 F. 2d 325.) The fact that the illegality lies in the violation of an attorney’s canons of ethics rather than a statute should in no way diminish a court’s disapprobation. (Matter of Annunziato, 201 Misc. 971; Matter of Rothman, 12 N. J. 528, 535.)
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis and Scileppi concur with Judge Foster; Judge Burke dissents and votes to affirm in an opinion.
On the appeal by plaintiff: Judgment reversed and a new trial granted, with costs to abide the event.
On the appeal by defendant: Order reversed and a new trial granted on both causes of action, with costs to abide the event.