OPINION OF THE COURT
Renee R. Roth, S.
A motion and cross motion place in issue the rights of persons interested in this estate to obtain discovery from the preliminary executor pursuant to SCPA 1412 (4).
In 1963 based upon the recommendation of the Bennett Commission (Second Report of Temporary State Commn on Estates, Report No. 3.3A, at 141-158 [1963]), the Legislature created (L 1963, ch 405, eff Sept. 1, 1963) a new type of letters called "preliminary letters testamentary” and a new fiduciary office called "preliminary executor” (Surrogate’s Ct Act § 153-a, now SCPA 1412).
SCPA 1412 describes in detail the powers and limitations of such office and the expeditious procedure by which such letters may be obtained.
*934 Before this new fiduciary office was created, when pressing matters of estate administration arose in the course of a delayed probate proceeding, the nominated fiduciary could by involved procedures obtain letters of temporary administration, a fiduciary office with rather limited powers (Surrogate’s Ct Act § 126, now SCPA 901, 902). -
When it was originally enacted as Surrogate’s Court Act § 153-a, as well as now, SCPA 1412 contained a subdivision which provided: "The court may limit preliminary letters testamentary to the receipt of assets specified in an order and may prohibit the collection of any other assets of the decedent, may make such directions as it deems proper and necessary in respect of the custody and preservation of all papers of the decedent and for making them available for examination and copying by any person or persons interested in the estate or may limit and restrict the person named in such letters in any manner that the court deems advisable for the effective protection of the rights of all persons who may have an interest in the estate of the decedent” (SCPA 1412 [4]).
At issue in these motions is the construction of the phrase giving the court in issuing preliminary letters discretion to "make such directions as it deems proper and necessary in respect of the custody and preservation of all papers of the decedent and for making them available for examination and copying by any person or persons interested in the estate” (SCPA 1412 [4]; emphasis added; hereinafter the quoted phrase).
Although there is no such provision in the rules of this or any other Surrogate’s Court, the Probate Department in this court has routinely required that the quoted phrase be included in all orders appointing a preliminary executor. There is no such requirement included in orders appointing any other kind of fiduciary. The origin of the requirement in the order appointing a preliminary executor is unknown.
Accordingly, when an order appointing preliminary executors was signed on April 8, 1985 in the estate of Bonaventura A. Devine, it included the quoted phrase.
Five of Mrs. Devine’s nine children, who indicated their intention to file objections but have not as yet done so, have requested, by letters addressed to the preliminary executors, access for the purpose of copying "all papers of the decedent”.
The preliminary executors, contending that such "papers of *935 the decedent” comprise 150 cartons, have moved to amend the order containing the quoted phrase to provide "that the preliminary executors shall make the papers of the decedent available for examining and copying upon compliance by such person or persons with the provisions of CPLR Article 31”. In their supporting brief, movants contend that the quoted phrase was not intended by the Bennett Commission or the Legislature to supersede the disclosure provisions of article 31.
By cross motion, the potential objectants have moved to punish the preliminary executors for contempt for refusal to obey the April 8, 1985 order of this court.
The quoted phrase does not seem to have any history at all. It was not even mentioned in the report of the Bennett Commission (op. cit.) sponsoring the legislation nor in the lengthy Practice Commentary to SCPA 1412. It was not a statutory requirement in the long history of the predecessor temporary letters of administration (Surrogate’s Ct Act § 126; Code Civ Pro § 2596; SCPA 901). Nor was it mentioned in any of the texts, digests or decisions dealing with temporary administration (cf., however, Matter of Greenberg, 276 App Div 1085 [2d Dept 1950], with (Matter of Eno, 92 Misc 658 [Sur Ct, NY County 1915]).
How and why it found its way into the orders of this court is a mystery.
Since there is no history or decisions explaining the quoted phrase we turn to a study of its language.
SCPA 1412 (3) deals solely with the powers and authority of the preliminary executor. For example, the fiduciary is given the powers of an administrator except the power to pay a legacy or sell real or personal property. The subdivision however gives the Surrogate the discretion to allow by order the sale of such property.
While subdivision (3) deals solely with the powers possessed or which may be given to a preliminary executor, subdivision (4) deals with the limitations which can be imposed upon his powers. For example, the court may permit the preliminary executor to take possession of only such assets as require immediate attention and may deny him the power to take possession of any other property. The final sentence of subdivision (4) allows the Surrogate to restrict the powers of the preliminary executor in any other manner in order to protect the rights of persons interested in the estate.
It is among these limitations on the powers of the prelimi *936 nary executor that the Legislature included the phrase giving the court discretion to make "such directions as it deems proper and necessary in respect of the custody and preservation of all papers of the decedent and for making them available for * * * copying by any person or persons interested in the estate”. (SCPA 1412 [4].)
It would appear that the inclusion of the quoted phrase was intended to give the court the power to impose additional limitations on the authority of the preliminary executor rather than to confer broad rights upon other persons interested in the estate.
That it was intended as a limitation makes sense in other respects. Surely the Probate Department by insisting upon the inclusion of the quoted phrase in all orders appointing a preliminary executor did not intend to exercise the court’s discretionary power to allow or withhold disclosure and discovery to interested parties. It is more likely that the inclusion of the quoted phrase was regarded as a limitation on the powers of the fiduciary.
It is also unlikely that the Bennett Commission and the Legislature, by including the quoted phrase in the new legislation, intended to give persons interested in the estate the broadest possible discovery of all papers of the decedent whenever preliminary letters were being issued. It is noted in this regard that Surrogate’s Court Act § 153-a, the predecessor to SCPA 1412, became effective September 1, 1963, the same date as the CPLR.
Professor Siegel in his Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:5, p 11) observes that the Legislature rejected recommendations "to adopt the much more liberal federal” scope of disclosure and instead substantively reenacted the former Civil Practice Act § 288 as the new CPLR 3101 (see also, Allen v Crowell-Collier Pub. Co., 21 NY2d 403). Thus, the new section was as stringent as Civil Practice Act § 288 in its requirements of materiality, necessity and specificity of description. It is highly improbable that the Legislature by including the broad and general quoted phrase intended (without any explanatory comment) to supersede the disclosure requirements of the newly enacted CPLR 3101.
The quoted phrase cannot be construed to mean as contended by movants that a preliminary executor is required to disclose "all papers of the decedent” irrespective of materiality, necessity or specificity of description or their relevance to *937 any pending probate contest. Such broad discovery may only be obtained pursuant to CPLR article 31 (see, SCPA 102).
What then does the quoted phrase mean?
Under the new statute (Surrogate’s Ct Act § 153-a, now SCPA 1412) the court is required to appoint as preliminary executor the person nominated as such under the propounded instrument. Such a person obviously has a stake in the admission of the will to probate. The Bennett Commission and the Legislature, it would appear, were concerned that a preliminary executor might be less than neutral, even to the extent of withholding information about the assets of the decedent from any person interested (SCPA 103 [39]) in the estate. It is reasonable thus to conclude that the quoted phrase was included in subdivision (4) to allow the court to issue directions requiring that the preliminary executor treat all interested parties equally.
The quoted phrase is therefore construed to allow the court to issue directions prohibiting the preliminary executor from withholding from contestants or any other interested person the same information a permanent fiduciary may be compelled to disclose pursuant to SCPA 2102 (1), i.e., "information concerning the assets or affairs of an estate relevant to the interest of the petitioner when the fiduciary has failed after request made upon him in writing therefor” (emphasis added).
The motion of the preliminary executor and the cross motion of the testator’s children are both denied except as ruled above.