### In re FISHER.

(Supreme Court, Appellate Division, First Department.   April 8, 1904.)

1. WILLS—GENERAL LEGACIES—EXECUTORS—COMMISSIONS.

A will bequeathed such contents as should be in a box in a safe deposit company at the time of testator's decease to several persons in specified proportions.  At testator's death the box contained stocks, bonds, and life insurance policies.  The securities were of different value, and could not have been divided into the designated proportions.  *Held*, that the legacy was not a specific, but a general, one, and in carrying out its terms the executor was required to make a sale of the property, and for so doing was entitled to his commissions.

2. SAME—PAYMENT OF COMMISSIONS.

Legacies of property, bequeathed to be divided among certain persons, which it is necessary to sell in order to make the required division, should bear their proportion of the commissions incurred in administering the entire estate.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Chester Irving Fisher as executor of the last will and testament of Herman C. Fisher, deceased.  From a decree of the Surrogate's Court fixing his compensation, the executor appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Isaac L. Miller, for appellant.
Charles J. Breck, for respondent.

HATCH, J.   The surrogate disallowed commissions to the executor on the principal and income received upon the securities bequeathed by the testator under the second paragraph of his will, which reads as follows, to wit:

"Second.  I give and bequeath the contents that shall be in my box in the Safe Deposit Company of New York, now situated at 146 Broadway, New York, corner of Liberty Street, in said City, at the time of my decease, to the following named persons and in the following proportions, viz.:   Two-twelfths thereof to Mary Jane Clarke, sister of my late wife, Eliza McKie Fisher, one-twelfth part thereof to each of the daughters of said Mary Jane Clarke, viz.:   Mrs. Nellie Keys and Mrs. Fannie Merrifield;   one-twelfth thereof to each of the daughters of the late Margaret Ann Young, viz.:   Mrs. Edith Young Shaw, Mrs. Susan Young Cochran, Mrs. Helen Young Maxwell, Mrs. Margaret Young Dutcher, Josephine Young, Grace Young, Mable Young and Elsie Young."

The articles contained in the box mentioned consisted of shares of stock in various corporations, bonds and mortgages upon property located in the states of Nebraska and Missouri, railroad bonds in various portions of the United States, corporate bonds, many of which were upon property located in the city of New York, and life insurance policies upon the life of deceased of the face value of $3,000, but which subsequently sold for $4,382.48.  This personal property, together

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 2102.

with a few articles of household furniture, which was directed to be divided among the same persons, was appraised at $101,058.23, and was sold by the executor for $103,370.08; and the amount received from this sale he divided among the various legatees, as directed by the terms of the will. The residuary estate was given to the testator's son, and he contends that the executor has no right to consider the amount received from the sale of the personal property above described as a part of the general estate; that those were specified legacies; and that the executor is not entitled to a commission thereon. The executor, on the other hand, contended that he could make no equitable division of this property without converting the same into cash, and that therefore he should be entitled to commissions upon the same. The Surrogate's Court held that the property bequeathed in the second clause of the will was all specific bequests, and that the executor was entitled to no commissions thereon. From the decree so entered, this appeal is taken.

It may be conceded that, if this provision of the will be construed as making specific bequests, the executor is not entitled to commissions for making delivery of the specific thing bequeathed. Schenck v. Dart, 22 N. Y. 420. Nor would this rule be changed, even though the legatees, by agreement among themselves, directed the executor to sell the same and divide the proceeds. It might be that under such circumstances the executor could exact and enforce compensation for his services against the legatees, but his act in making sale of property specifically bequeathed, and distributing the proceeds, would not create any right to commissions, or make the estate liable for his services. Collier v. Munn, 41 N. Y. 143. The executor's right to commissions upon this portion of the estate must therefore depend upon the nature of the bequest. In Crawford v. McCarthy, 159 N. Y. 514, 54 N. E. 277, the Court of Appeals, through Judge Haight, defined the several classes of legacies in this language:

"A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind. A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind. A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security. For example, the bequest to an individual of the sum of $1,500 is a general legacy. A bequest to an individual of the proceeds of a bond and mortgage, particularly describing it, is a specific legacy. A bequest of the sum of $1,500 payable out of the proceeds of a specified bond and mortgage, is a demonstrative legacy. A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount, and also of the nature of a specific legacy, by pointing out the fund from which the payment is to be made, but differs from a specific legacy in the particular that, if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate."

By the terms of the clause of the will above quoted, the property in the box is required to be divided into twelfths; two shares to go to one person, and one to each of the other persons named therein. The securities which were found in the box were unequal in value. No particular security was bequeathed to a particular person. Each took a twelfth share in the whole, and it is evident that no one of the legatees

could have been compelled to take a particular part of the property as his share. There was therefore impossibility of distribution of the specific property into twelfths for the purposes of delivery to the respective legatees. The bequest is specific as to the property bequeathed, but it was not specific as to the particular property to be delivered to a particular legatee; nor could it be made such by any division into twelfths, which the will commanded should be done. The bequest partakes more nearly of a general and also of a demonstrative legacy than of a specific legacy. The interest bequeathed is certain and specific, but the necessity of the case required it to be paid from particular property not separated into parts or bequeathed as such. The intention of the testator is clear to give two-twelfths of the property to one person, and the remaining ten-twelfths to the others. As the nature of the property bequeathed and the character of the bequest required its conversion into money before the distribution could be made, it certainly does not answer the definition of a specific legacy. In the fulfillment of this provision of the will the executor was required to make distribution in accordance with its terms, as well as of the property bequeathed in the other clauses of the will. When, for the purpose of carrying out the terms of the will, he was required to make sale of the property in order to make distribution of the specified amounts to which each legatee was entitled, he was performing an executorial function of precisely the same character as he was called upon to perform in making distribution under the residuary clause; and we have no doubt that, had the executor refused to make sale of this property and distribute the proceeds as required, he could have been compelled to perform the same, as it became a duty imposed upon him when he qualified as executor under the will. An act which the executor could be compelled to perform must be an executorial act, and in the performance of it he becomes entitled to be paid commissions. The testator must be presumed to have known the nature and character of the securities which were in the box, and must also have known that they could not be specifically distributed in twelfths, as they were in their nature unequal in value. Consequently we do not see how an intent can be imputed to make a legacy specific of particular property, when, in the nature of things, it was impossible to be delivered as such, and, in order to give to the legatee the interest which was bequeathed, a conversion of the property into money became necessary. These views lead us to the conclusion that the legacy was general in its character, and that in carrying out the terms of the will the executor was required to sell the property and make distribution of the proceeds as money interests. It does not follow, however, from this view, that the commissions are to be paid from the residuary estate alone. The property bequeathed by this provision of the will is required to bear its proportion of the commissions incurred in administering the entire estate.

It follows that the decree of the surrogate should be reversed, with costs to the executor, payable out of the estate, and the accounts of the executor should be settled by an added allowance to him of commissions upon the property bequeathed by the second clause of the will. All concur.