(89 Misc. Rep. 337)

## In re WELSER et al.

(Surrogate's Court, New York County. February, 1915.)

1. WILLS ⬤⇒684—BEQUEST—CONSTRUCTION—PRINCIPAL OF TRUST FUNDS— RESIDUARY LEGATEE.

A will, considered in its entirety, showed that testatrix intended to divide her property into two parts—one her individual property, and the other that received from her father's estate—and that she intended that the principal of trust funds created in certain paragraphs of her will should consist of the entire estate received from her father, irrespective of the form in which it was invested. Another paragraph provided that, "as to any other property or estate of which I may die seised * * * and which did not come to me from my father's estate, I give" as specified. Another paragraph provided that "all the * * * remainder, * * * including such legacies as may lapse, I give * * * to my friend * * * absolutely." *Held*, that the residuary legatee was not entitled to any of the estate of testatrix's father, but that such estate was intended to form the principal of the trust funds created by the first-mentioned paragraphs of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. ⬤⇒684.]

2. WILLS ⬤⇒572—BEQUEST—CONSTRUCTION.

Such bequest of the portion of testatrix's estate received from her father was not limited by a statement in the will that the securities representing such portion were in a safety deposit box, and securities "belonging to my estate" were in another box; and hence the residuary legatee was not entitled to securities constituting a part of the estate of testatrix received from her father, though found in the latter box.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1245; Dec. Dig. ⬤⇒572.]

Proceedings on the judicial settlement of the accounts of Samuel R. Welser and another, as executors, etc., of the last will and testament of Emilie R. Rogers, deceased. Decreed according to opinion.

Sylvester L. H. Ward, of New York City, for executors.
Joseph W. Goodwin, of New York City, for Allan W. Cooke.
Harrison, Elliott & Byrd, of New York City, for J. Blake White.
Armstrong & Keith, of New York City, for Eleanor W. Perrine.

COHALAN, S. The answer interposed to the account of the executors by Allan W. Cooke, the residuary legatee under the will of the above-named deceased, necessitates a construction of the will before a proper decree can be made directing distribution. Practically the sole question before the court for determination is: What constitutes the principal of the trust funds created under paragraphs second, third, and fourth of the will? In order to properly determine this question the entire will must be taken into consideration, so as to ascertain the intent of the testatrix in connection with the creation of this trust estate.

[1] The second paragraph provides:

"Second. Out of the one-half of the residuary estate of my father, Henry Randel, which I received under and by virtue of the last paragraph in the sixth clause of his last will and testament, duly proved before the surrogate of the county of New York on the first day of October, 1901 (and my final

accounting as executrix of which will was filed with the surrogate of the county of New York on or about April 13, 1903), I give and bequeath to my second cousin, James E. Baremore, the sum of ten thousand dollars."

The third paragraph provides:

"Third. The remainder of the one-half of the residuary estate of my father, Henry Randel, referred to in the second clause of this my will, after deducting said bequest of $10,000 to my second cousin, James E. Baremore, I give, devise and bequeath to my executors and trustees hereinafter named, to be divided by them into the six separate trust funds which are to be held by them separately upon trust to invest and reinvest the same and to collect and pay over the income and principal thereof. as follows."

The testatrix then sets forth six separate trusts, consisting of three-fifteenths, three-fifteenths, two-fifteenths, two-fifteenths, three-fifteenths, and two-fifteenths, respectively, of said remainder.

The fourth paragraph provides:

"Fourth. The other half of the residuary estate of my said father, Henry Randel, and as to which in the sixth clause of his said will he gave his wife, Caroline M. Randel, the power of appointment, and which half I received under such power of appointment, executed under the third clause of the will of my mother, said Caroline M. Randel, duly approved before the surrogate of the said county of New York, May 9, 1904 (and my final account as executrix of which will was filed with the surrogate of the county of New York on or about April 10, 1905), I give, devise and bequeath to my executors and trustees hereinafter named, to be divided by them into four separate trust funds which are to be held by them separately upon trust, to invest and reinvest the same and to collect and pay over the income and principal thereof as follows."

The testatrix then sets forth four separate trusts, each consisting of one-quarter of such "other half of the residuary estate" of testatrix's father. The testatrix then provided by the fifth paragraph that:

"As to any other property or estate of which I may die seised or possessed, *and which did not come to me from my father's estate*, I give, devise and bequeath the same as follows."

The testatrix then sets forth some 24 bequests from this other or individual property of hers, as distinct from the estate which came to her from her father.

By the sixth paragraph of the will the testatrix gave to Allan W. Cooke all of her *residuary* estate by the following language:

"All the rest, residue and remainder of my estate of every kind and nature, including such legacies as may lapse, I give, devise and bequeath to my *friend* Allan W. Cooke, absolutely and forever."

The seventh paragraph of the will gives to the executors and trustees a power of sale to convert any and all real and personal property at public or private sale, and at such time or times and on such terms as the executors and trustees shall in their discretion think proper and best.

The testatrix by the eighth paragraph nominated and appointed her executors, the accountants herein, and then stated as follows:

"The securities in which that part of my estate which came to me through the will of my father is invested are now kept in box No. *3789* in the Lincoln Safe Deposit Company, No. 32 East Forty-Second street, in the City of New

York. The other securities belonging to *my* estate are now kept in box No. 3777 in the said Lincoln Safe Deposit Company."

The will was executed July 14, 1910, and the testatrix died August 30, 1912. It appears from the agreed statement of facts submitted that Henry Randel, the father of the above-named testatrix, died in the year 1901, leaving a last will and testament, which was admitted to probate in New York county on October 1, 1901, and in which he appointed his daughter, Emilie R. Rogers, executrix and trustee. By the fifth paragraph of the will of Henry Randel it was provided as follows:

"Fifth. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of every kind and nature and wheresoever situated, to my executor and trustee hereinafter named or who may be appointed, and who may qualify, upon trust nevertheless to invest and reinvest my said estate from time to time as occasion may require, and to collect and get in the income derived therefrom, and after paying all taxes, assessments, interest charges and such sums as may be necessary to properly preserve and protect my real and personal estate, to pay over the balance of income to my beloved wife, Caroline M. Randel, for and during her natural life."

By the sixth paragraph as follows:

"Sixth. I direct my executor and trustee hereinafter named or who may be appointed, and who may qualify upon the death of my wife, Caroline M. Randel, to pay over one half of said trust estate to such person or persons, corporation or corporations as my said wife by her duly executed last will and testament may direct or appoint, and to pay over the other half of my said trust estate to my next of kin and heirs at law in such proportions as they would take under the laws of the state of New York had I died intestate."

On April 13, 1903, Emilie R. Rogers filed an accounting in this court as executrix under the will of her father, the said Henry Randel, and a decree was entered thereon finally and judicially settling that account, and in and by that decree the value of the residuary estate of Henry Randel was fixed at $526,879.77 and was represented by numerous securities. Caroline M. Randel died April 22, 1904, leaving a last will and testament which was admitted to probate by this court on May 9, 1904. Emilie R. Rogers duly qualified as executrix of that will. On April 10, 1905, she filed her account as executrix in this court, and the value of the residuary estate of Caroline M. Randel was fixed at $3,250.57, consisting of cash only. At the time of the death of Caroline M. Randel, Emilie R. Rogers, as next of kin and heir at law of Henry Randel, and as appointee under the will of Caroline M. Randel, received the whole of the trust fund created by paragraphs fifth and sixth of the will of Henry Randel. At the time of the death of Emilie R. Rogers numerous securities belonging to *her own* estate were in the state deposit box known as No. 3777 in the Lincoln Safe Deposit Company. There were also numerous securities and of considerable value in box No. 3789 in the same safe deposit company, the Lincoln Safe Deposit Company, at the time of the death of Emilie R. Rogers, these being referred to by her in the eighth paragraph of her will as constituting that part of her estate received from the estate of her

father, Henry Randel. The residuary legatee claims that by reason of the sixth paragraph of the will of Emilie R. Rogers he is entitled to such an amount as is determined by the proceeds of the securities found in box No. 3789 of the Lincoln Safe Deposit Company, in which were deposited her own securities, after making certain other money payments directed by paragraphs first and second of the will.

It is maintained by the executors, on the other hand, and I think correctly so, that the testatrix intended that the principal of the trust funds created in paragraphs second, third, and fourth of the will should consist of the entire estate actually received from her father, irrespective of the form in which it might be invested. That reference to box No. 3789 has nothing whatever to do with the trusts created, and was manifestly intended by the testatrix only as an aid to her executors in locating the securities in which the residuary estate was invested. The whole scheme of the will shows an intent on the part of the testatrix to divide her property into two parts, to wit, her individual property and that received by her from the estate of her father. The fifth paragraph of the will provides that:

"As to any other property or estate of which I may die seised and possessed *and which did not come to me from my father's estate* I give, devise and bequeath as follows."

Then follow the 24 subdivisions containing gifts to various persons and immediately followed by the sixth paragraph of the will, giving all the rest, residue, and remainder of her estate of every kind and nature to her friend, Allan W. Cooke, thus indicating that the residuary legatee was not to share in any of the estate of the testatrix coming to her from her father's estate. That was to go to her relatives.

In the accounting of Emilie R. Rogers, as executrix of her father's (Henry Randel's) estate, certain securities were set forth as constituting part of the estate. Among those securities was a certificate for 100 shares of the old Standard Oil Company of New Jersey stock. That certificate was found in box No. 3789 of the Lincoln Safe Deposit Company. Another certificate for 125 shares of the old Standard Oil Company of New Jersey stock was found in box No. 3777 in the Lincoln Safe Deposit Company, the latter box being the one owned by the testatrix individually and in which her personal securities were stored, and in that box were also certificates of shares of the subsidiary companies of said Standard Oil Company of New Jersey proportionately of 225 shares of the parent company, and no such certificates were found in box No. 3789. The residuary legatee maintains that the provisions of the eighth paragraph of the will control, and that he is entitled to all these securities contained in box No. 3777.

[2] By the second and fourth paragraphs of the will the testatrix clearly bequeaths that portion of her estate received by her from her father, and as shown by her accounting to amount to $526,879.77, and that bequest is not limited to or curtailed by the provisions of the eighth paragraph, which is merely an instruction to the executors as to where the securities representing this fund are to be found. The testatrix did not make specific bequests of these securities in box No. 3789 of the principal of said trust funds, but said trust funds are general

legacies, the gross principal whereof is $526,879.77, less the sums her will directs to be paid thereout. This is evidenced by reason of the gift of the sum of money, to wit, $10,000, by the second paragraph of her will out of "her father's estate," and by the division of the estate into unequal fractions. Matter of Fisher, 93 App. Div. 186, 87 N. Y. Supp. 567; Matter of Hodgman, 140 N. Y. 421, 35 N. E. 660; Matter of Van Vliet, 5 Misc. Rep. 169, 25 N. Y. Supp. 722; Matter of King, 122 App. Div. 354, 106 N. Y. Supp. 1073.

I am of the opinion that the testatrix did not intend the residuary legatee to receive any of her father's estate, and that the entire estate which the decedent received from her father should form, and is intended to form, the principal of the trust funds created by paragraphs second, third, and fourth of the will.

Decreed accordingly.