In the Matter of the Accounting of GERTRUDE M. STEINECKE et al., as Executors of GEORGE B. BOSCH, Deceased.

Surrogate's Court, Kings County, March 11, 1952.

*William D. Loucks, Jr.,* for Harry A. Bade, objectant.

*Daniel E. O'Keefe* for National Surety Corporation, respondent.

*Florence D. Philipbar* for Evangelical Home Society of Brooklyn, N. Y., respondent.

*Thatcher, Proffitt, Prizer, Crawley & Wood* for American Humane Association, respondent.

*Rathbone, Perry, Kelley & Drye* for Brooklyn Bureau of Social Service and Children's Aid Society, respondent.

*Steinkamp & Steinkamp* for Wartburg Orphan Farm School of the Evangelical Lutheran Church, respondent.

*Walter Bruchhausen* for Brooklyn Association for Improving the Condition of the Poor, respondent.

*Nekton & Preuss* for Ottilie Orphan Home of New York, respondent.

*Havens, Wandless, Stitt & Montgomery* for National Hospital for Speech Disorders, respondent.

*John J. Borchardt* for Lutheran Hospital Association of the City of New York and Vicinity, respondent.

*Hurley, Gray & Kearney* for St. Charles Hospital, respondent.

*Gould & Wilkie* for National Society for the Prevention of Blindness, Inc., respondent.

RUBENSTEIN, S. This is a contested accounting proceeding in which the court is requested to determine several objections which were not withdrawn or abandoned at the trial.

The first objection concerns the acts of the executors who paid themselves commissions without a direction of the court. It is a deep-rooted legal principle that executors' rights to commissions are inchoate and commissions may not be taken until they are allowed by the court on the settlement of the account (*Matter of Worthington*, 141 N. Y. 9; *Beard* v. *Beard*, 140 N. Y. 260). The query is whether damage to the estate must be shown before some penalty may be imposed upon the fiduciaries for their misconduct or whether, as suggested by the respondent, the mere taking of the commissions under these circumstances compels the court to assess a penalty of not less than an amount equal to the legal interest which the money would have earned from the date it was taken by the executors on account of their prospective commissions until the entry of the decree settling the account when the commissions would become due and payable.

Under circumstances quite different from those now present the Court of Appeals in the *Beard* case (*supra*) refused to adopt the argument here advanced by respondent but its determination must be confined to a similar factual situation. However, this court has found support for respondent's contention in *Matter of Grossman* (157 Misc. 164, affd. 250 App. Div. 503) and *Matter of McKee* (147 Misc. 889). In the latter case, in commenting on a Referee's recommendation to surcharge a fiduciary who drew prospective commissions before they were allowed by the court, Surrogate DELEHANTY wrote (p. 896): '' This payment to herself was unwarranted until allowed by the court. She was properly surcharged with the amount thereof and with six per cent interest thereon from the date of withdrawal to the settlement of her accounts. Her exceptions to this surcharge are overruled. She will, however, be awarded commissions in the decree to be entered settling her account.''

There is substantial reason for this rule; it will suffice to point out that if the statutory mandate (Surrogate's Ct. Act, § 285) is to be maintained, the court must be possessed of power to visit adequate punishment upon those who violate its terms. (See, also, *Matter of Annunziato,* 201 Misc. 971.) Therefore, each executor will be surcharged with interest at the rate of 6% upon the sum each has withdrawn for commissions to be computed from November 24, 1950, the date of withdrawal, to the date of settlement of the account herein. Although the objection is sustained, each fiduciary will be allowed the usual commissions in the decree to be entered.

The objections to payment of the claims for legal services rendered to the decedent in his lifetime are overruled. It is true, as contended by objectant, that the fiduciaries did not, in the first instance, make sufficient inquiry concerning the validity of these claims. However, the proof received by the court without objection establishes their genuineness. Had they been rejected when presented, the court would have been justified in allowing the claims upon the proof now before it.

An additional counsel fee of $2,500 is allowed. This allowance shall constitute payment for services to be rendered in connection with the entry of the decree and distribution thereunder. In addition, counsel will be paid his necessary out-of-pocket disbursements in such amount as will appear from his affidavit to be filed herein.

The objection to the amount paid for perpetual care of the plot in which decedent is buried is overruled. The court finds that such amount is reasonable and payment thereof is author-

ized by the " Fourth " paragraph of the will, it being conceded that such perpetual care was not provided for by the decedent during his lifetime. The provision of testator's will authorizing such payment and the facts before the court distinguish this proceeding from *Matter of Burroughs* (155 Misc. 237) submitted in support of respondent's theory.

Proceed accordingly.