George Frankenthaler, S.
The attorneys for the executrix having withdrawn their request for a fee in excess of the amount heretofore paid to them and having agreed to accept such amount as compensation for all legal services rendered and to be rendered through the entry of a decree herein, a ruling upon the first objection to the account is not required.
It was held in a prior accounting proceeding that the provisions of the will limited the petitioner to the statutory commissions of an executor and that petitioner was not entitled to a further commission as a trustee (N. Y. L. J., March 10, 1950, p. 871, col. 5, affd. 280 App. Div. 911). This determination established the law of this estate. Accordingly the accounting party is allowed executor’s commissions for the receipt and payment of principal sums during the period subsequent to the prior accounting but it is held that the accounting party is not entitled to the annual principal commissions which she claims as a trustee. A recomputation of commissions in conformity with this ruling is to be filed.
In the absence of explicit statutory permission for the payment of commissions to a testamentary fiduciary without prior judicial approval commissions are not due and payable unless and until they are allowed by the court (Surrogate’s Ct. Act, §§ 285, 285-a; Beard v. Beard, 140 N. Y. 260; Matter of Worthington, 141 N. Y. 9; Oakeshott v. Smith, 104 App. Div. 384, affd. 185 N. Y. 583; Matter of Furniss, 86 App. Div. 96; Matter of Eno, 92 Misc. 658; Matter of Hoff, 186 Misc. 684, 686). The duty of fixing allowable commissions rests upon the court irrespective of objection by a party and for this reason there is no occasion to rule as to the status of the presently objecting party.
Submit decree on notice.