5. Samuel Di Falco, S.
In their final accounting the executors request certain relief, part of which has been granted by the intermediate decree of this court dated April 29, 1957. Objections, however, have been filed to the method of distribution proposed by the executors.
Decedent was survived by her husband and two sons. Under her will, the surviving spouse who is the individual executor, received four twelfths of the residuary estate outright. Each son received one twelfth thereof outright and the income from *504 a trust of three twelfths thereof. The accounting parties are also named as trustees.
The two sons James Cannon Lambeth and Harvey Edward Lambeth have filed certain objections. They object to the executors receiving commissions on the proceeds of the sale of 780 shares of the stock of 720 Park Avenue Corp. on the ground that it is a specific legacy. The stock evidenced decedent’s ownership of a co-operative apartment. In paragraph thee® of her will, decedent directed that the stock be sold by her executors and the proceeds paid in equal shares to her husband and two sons. The husband was given full use and enjoyment of the apartment represented by the said shares free of all liability for maintenance charges until the stock was sold. The executors contend that they were required to and did sell the stock and distributed the proceeds to the named legatees. The court holds that in negotiating for the sale of the stock and making such distributions, the executors were exercising executorial functions and they are, therefore, entitled to commissions on the proceeds. (Matter of Brooks, 119 Misc. 738, affd. 212 App. Div. 868.) In that case, the testatrix gave all of her personalty, not otherwise specifically bequeathed, in equal shares to her children. The court stated (p. 740): “ Under this clause, the articles described passed to the three children of the decedent. The bequest was of specific property. Matter of Matthews, 122 App. Div. 605; Matter of Grinnell, 115 Misc. 722. Ordinarily commissions are not allowed upon specific bequests, but the rule is different in cases of which this is typical. Thus in Matter of Fisher, 93 App. Div. 186, 189, the court said: ‘ The bequest is specific as to the property bequeathed but it was not specific as to the particular property to be delivered to a particular legatee * * * ’ The division of the property, and its probable sale to effect an equal partition, required the performance of duties by the executors, and they should be allowed commissions on the value of the items so bequeathed. Matter of Fisher, supra.” (See, also, Matter of Berwind, 181 Misc. 559, 565 and Matter of Marshall, 199 Misc. 431, 434.)
The respondents also object to the computation of commissions insofar as two payments totaling $15,000 made on account of commissions to the individual executor in 1952 and 1953 are concerned. It does not appear that payments of these commissions were authorized by orders of the court.
After computing their commissions at .the present statutory rate, the executors credit the individual executor with these advance payments of $15,000. The objectants contend that these *505 payments fall within paragraphs (a) and (b) of subdivision 7 of section 285 of the Surrogate’s Court Act and that the amount of the requested commissions should be reduced by the difference between commissions computed at the rate in effect prior to July 1, 1956 and the present rate.
Commissions are payable at the rate in effect at the time of settlement of the decree (Matter of Barker, 230 N. Y. 364; Matter of King, 121 Misc. 530; Matter of Horton, N. Y. L. J., Jan. 8, 1946, p. 91, col. 6 and cases cited therein). The basic computation herein at the current rate is, therefore, proper. If no payment on account had been made to the individual executor, each executor would be entitled to commissions computed at the current rate. The fact that payments on account were made to the individual executor does not vary the computation so long as such payments are deducted from the commissions due him. However, as commissions are not due and payable until allowed (Matter of King, supra; Matter of Snyder, 4 Misc 2d 838) and the advance payments herein were made without court approval, the executors will be surcharged with interest at the rate of 6% per annum from the date of each payment to the date of the submission of the decree settling the account. (Matter of McKee, 147 Misc. 889; Matter of Bosch, 201 Misc. 890.)
The respondent, James Cannon Lambeth, objects to the action of the executors in allocating stock dividends to principal. He contends that the executors’ powers to apportion stock dividends were derived from paragraph eighth of the will which reads as follows: “ and my said Trustees are further authorized and empowered to apportion any stock dividend or rights which may be declared on any shares held by any of said trust funds between the corpus of said funds and the income, and their determination of the amount to be apportioned between principal and income shall be final and binding upon all concerned. ’ ’ The accountants argue that the powers granted under the above-quoted provision applied to them only as trustees and not as executors and that as executors they were required under section 17-a of the Personal Property Law to allocate all stock dividends to principal. That section provides that ‘ ‘ Unless otherwise provided in a will * * * any dividend which shall be payable in the stock of the corporation or association declaring or authorizing such dividend * * * shall be principal and not income of such trust.” The court agrees with that contention.
Throughout the will the testatrix has shown that she was aware of the distinction between the word “ executors ” and the *506 word “trustees”. The impression is gathered from the will that it was painstakingly and meticulously prepared. Paragraph eighth of the will consists of five separate subdivisions. In the first three subdivisions, the testatrix either authorizes or empowers her ‘ ‘ Executors and Trustees ” to do certain acts. In the fifth subdivision she directs that her 1 ‘ corporate Executor hereof and Trustee hereunder ” shall be charged with the custody and safekeeping of the estate assets and, upon the same coming into its possession, absolves the “individual Executor hereof and Trustee hereunder ” from responsibility therefor. However, in the fourth subdivision, the testatrix in authorizing the sale of securities in the event of the sale, lease or consolidation of any corporation or joining in with other holders in any plan, the testatrix used the word “ Trustees ”, indicating an intent to grant such powers to her trustees only. Similarly, in the same subdivision where the power to apportion stock dividends is stated, the testatrix again used the word “Trustees”. The omission of the word “Executors” is significant and must be held to have been intentional.
In other paragraphs of the will, the word “Executor” or the words “ Executors and Trustees ” were used aptly and in an appropriate manner. Significantly, in paragraph twelve where the testatrix provides that no title in the trust assets or income therefrom shall vest in any beneficiary or be liable for the debts, contracts or engagements of any beneficiary, she used only the word “ Trustees ”. The court is of the opinion that she intended to vest the power of apportionment of stock dividend or rights solely in the trustees. The court, therefore, holds that the testatrix not having ‘ ‘ otherwise provided ’ ’ in her will, section 17-a of the Personal Property Law applies and that the act of the executors in allocating the stock dividends to principal was correct. This objection is therefore, overruled.
The objectants object to the method of distribution of the net income earned by the estate during the period of administration. There is no express direction in the will for the disposition of such income. The executors state that the method used by them is what is generally known as the ‘ ‘ dollar times number of days ” computation. They determined the proportionate shares of the income earned by the estate on the basis of the period of time the funds representing the principal distributions including the estate tax payments were parts of the earning assets of the estate.
As a result of litigation in this estate terminating in the Court of Appeals, wherein it was determined that such part of the residuary estate passing to the two sons of testatrix should *507 bear the Federal and New York estate taxes and freed the husband from liability for any of such taxes because of his marital exemption, an unequal division of the principal of the residuary estate was decreed by the decree of this court dated August 24, 1954. The husband’s share of the principal was greater than either of the sons. The executors have allocated the income earned during the period of administration of the estate to the husband and sons in the same proportions as fixed in the decree on construction for the payment of principal to each of them. The objectants contend that as there is no express provision in the will for thfe disposition of income earned by the estate during the period of administration, section 17-b of the Personal Property Law applies. That section directs that such income “ shall be distributed pro rata as income among the beneficiaries of any trusts created out of the residuary estate * * * and the other persons entitled to such residuary estate.” Objectants argue that the section requires a prorata distribution equally to the surviving spouse and the two objectants as the residuary beneficiaries.
The court agrees with the objectants’ contention and sustains that objection. There is no doubt that the testatrix fixed the various shares of the residuary estate in her will. She gave four twelfths outright to her surviving spouse and one twelfth outright to, and three twelfths in trust for, each of her sons. The decree in the prior construction proceeding directed that after all necessary and proper deductions and charges are made, principal of the residuary estate is to be divided into twelve equal shares and four shares thereof to go to the surviving spouse, subject to his marital deduction, and the remaining eight shares to go to the two sons either outright or in trust, subject to the payment of estate taxes. The fact that the shares of the two sons were subject to the payment of estate taxes and that the share of the surviving spouse qualified for the marital deduction does not disturb the division of the residuary estate into twelfths and each beneficiary is entitled to four shares thereof, as provided by the will. The distribution of income should follow the same equal proportion, because the income was not subject to any taxes.
The further objection of the respondent Harvey Edward Lambeth to the allocation of the sum of $16,737.68 transferred from income to principal is dismissed. An adequate explanation of the allocation appears in schedule H-2 of the account.
Proceed accordingly.