Peter M. Daly, J.
Motion for an order judicially settling the account of the committee of a former incompetent. The respondent has filed various objections, which will be discussed seriatim.
Subdivision a of the first objection has been withdrawn. Subdivision b thereof is that the committee has omitted from Schedule A, and, therefore, failed to account for, the sum of $1,700 held by one Carl Dittrich. The committee believes that Mr. Dittrich used this money on behalf of the respondent and asks time within which to recompile the data relating thereto. Said request is granted and the committee is directed to file a supplemental account respecting said item on or before October 15, 1958.
*705 The second objection is conceded by the committee to have been an oversight and will be corrected in the supplemental account.
The third objection is that the committee has taken credit for the payment of certain insurance premiums without reducing the amount thereof by the amount of the brokerage commissions received by the individual member of the committee. Said member states that he was the insurance broker for the incompetent and his mother prior to the adjudication of incompetency and that following his appointment as committee he continued to perform the same service, that the brokerage commissions were paid for services rendered as insurance broker and not as committee, and that section 188 of the Insurance Law forbids rebating of commissions.
The arguments urged by the individual member of the committee were considered and rejected by the court in Matter of Browning (175 Misc. 107, affd. 260 App. Div. 1013).
‘ ‘ Even though the trustee acts in good faith in receiving a commission on a transaction in the performance of the trust, he is accountable for the commission.” (2 Scott, Trusts [2d ed.], § 170.22, pp. 1264 — 1265.) The third objection is sustained.
The fourth and seventh objections pertain to the committee’s commissions and will be discussed together. The fourth objection is to a credit claimed in Schedule B for commissions paid on income, and the seventh objection is to the manner of computing commissions, as set forth in Schedule D of the committee’s account.
In Schedule B the committee computed its commission at 5% of the first $2,000 and 2%% of the balance for the years 1953, 1954 and 1955, and at 4% of the first $10,000 for the year 1956.
Prior to 1950 section 1376 of the Civil Practice Act provided that a committee of the property of an incompetent was entitled to compensation at the same rate as an executor, administrator or testamentary trustee. In 1943 the commissions of a testamentary trustee were increased, and thereafter section 1376 of the Civil Practice Act involved a contradiction in that the commissions of an executor or administrator were not the same as those of a testamentary trustee.
In 1950 section 1376 of the Civil Practice Act was amended to provide for compensation of a committee at the same rate as an executor or administrator. The history of the legislative amendment indicates that it was understood that the commissions of a committee would be slightly decreased by the amendment. (L. 1950, ch. 79; N. Y. Legis. Annual, 1950, p. 35.)
*706 While the duties of a committee resemble those of a guardian more than those of an executor or administrator, the Legislature has spoken and its mandate may not be ignored. Indeed a bill equating the commissions of a committee with those of a testamentary trustee was vetoed the year before. (N. Y. Legis. Annual, 1950, p. 35.)
An executor or administrator in computing commissions is not entitled to distinguish between principal and income. (6 Jessup-Redfield, Surrogate’s Law and Practice, § 5299, p. 574.) In Surrogate’s practice the provision for “annual rests ” applies only to testamentary trustees and guardians (ibidem; id., § 5347, p. 616; Surrogate’s Ct. Act, § 285, subd. 4; Surrogate’s Ct. Act, § 285-a, subd. 4; Surrogate’s Ct. Act, § 285-b, subd. 4).
While section 1376 of the Civil Practice Act permits a committee to retain his commissions annually upon filing his annual report, it does not alter the fact that his total commissions may be only those of an executor or administrator. The committee is, therefore, entitled to compute commissions on the gross amount of principal and income taken together, with the top return taken only once. The fourth objection and subdivision (a) of the seventh objection are sustained.
Subdivision (b) of the seventh objection relates to commissions on income received after the respondent had been declared competent to manage his own affairs. As a matter of public policy as well as sound jurisprudence there is no authority for the committee to reduce to possession any property of the respondent after he was adjudged competent, and, accordingly, the committee is not entitled to commissions on income received after that date. (Cf. Matter of Wallace, 172 App. Div. 544.) Subdivision (b) of the seventh objection is sustained.
The fifth and sixth objections relate to Federal and State income taxes. Respondent contends that no tax was due but that he was entitled to a refund, that some $8,000 disbursements made in 1953 in connection with his adjudication as an incompetent were deductible. In light of the cases on this subject there appears to be no doubt of the correctness of respondent’s contention. In addition the committee had three years within which to file an amended return. The fifth and sixth objections are sustained.
The eighth objection relates to the payment of $325 to attorneys for services rendered to the committee, on the ground that such services were unnecessary. The corporate member of the committee, a bank, was cited on the accounting of the estate of the incompetent’s mother. Respondent argues that the special *707 guardian appointed by the court could have protected his interests. Undoubtedly he did, but this did not relieve the bank of its obligation, as a member of the committee, to protect the incompetent’s interests. The cases cited by the respondent are readily distinguishable. They involve situations where the parties were protecting their own personal interests rather than those of their ward. The fee charged was modest. The eighth objection is disallowed.
The ninth objection has been withdrawn.
Settle order accordingly.