Joseph A. Cox, S.
Objections have been filed to the executor’s account by the special guardian of infant contingent remaindermen of trusts created under the will of the decedent’s widow and sole legatee who died during the course of the estate administration. Such objections are to the acts of the executor in making advance payments of commissions to himself prior to the judicial settlement of his account.
Section 285 of the Surrogate’s Court Act clearly states and the law is well established that an executor is not entitled to and may not take commissions until they are allowed by the court on the settlement of his account. (Matter of Worthington, 141 N. Y. 9; Beard v. Beard, 140 N. Y. 260; Matter of Furniss, 86 App. Div. 96; Matter of Bosch, 201 Misc. 890.) In mitigation of his acts the executor has submitted consents of the adult income beneficiaries to his taking of such commissions and further alleges that he took the income commissions in order to save taxes for the estate and the income beneficiaries. It must be noted that such income commissions will constitute principal in the widow’s estate. No excuse or explanation is offered with respect to the taking by the said executor of commissions on principal which in fact exceeded the commissions payable to him as computed in this account. Such excess commissions have been returned by the executor but this court can still find no foundation for the executor’s allegation that it was necessary for him to take income commissions in order to save taxes and this allegation must be rejected.
There is no provision under section 285 of the Surrogate’s Court Act which provides for the payment of annual income commissions to executors. Under that section executors, as *1021 differentiated from trustees, are entitled to receive, on the settlement of their account, commissions at the rates therein specified, on all sums of money received and paid out by them during the course of their administration of the estate. (Matter of Hawkins, 14 Misc 2d 703.) In order to be entitled to receive commissions on the income paid out during the course of administration all that is required is that the executor reserve or hold back from the income received a sum of money sufficient to provide for the payment of commissions. Although failure to hold back a sum sufficient to pay such commissions on income will constitute a waiver thereof (Matter of Bloomingdale, N. Y. L. J., Oct. 6, 1939, affd. 258 App. Div. 1044, affd. 283 N. Y. 755; Olcott v. Baldwin, 190 N. Y. 99) there is no provision in the law which permits an executor to pay himself commissions on income prior to the settlement of his account. The sum reserved for the payment of such commissions on income would not be taxable to the income beneficiaries who did not receive them nor in the opinion of this court would such sum be taxable to the estate if properly reserved as an expense of administration.
The objections of the special guardian are therefore sustained. Commissions will be allowed to the executor at the statutory rates but he will be surcharged with interest at the rate of 6% per annum from the dates that each improper payment of commission was taken by him. However, by reason of the fact that the adult income beneficiaries who will take the principal of the trusts if they survive to the age of 40 have consented to the improper payment of commissions the court directs that the amount of such surcharge be earmarked and held in a separate account which will become payable to the infant contingent remaindermen only if and when such infant contingent remaindermen become entitled to share in the estate. If the principal of the trusts created under the will of the testator’s widow are distributed to the adult income beneficiaries pursuant to the terms of such will, the surcharge shall be returned to the executor. The fee of the attorney for the executor has been fixed pursuant to the provisions of section 231-a of the Surrogate’s Court Act. For the purpose of properly computing the commissions due to the executor an affidavit of present values should be submitted together with an amended schedule showing the revised computation of commissions.