Joseph M. Conroy, J.
On this application for the settlement of the final account filed by the resigning committee and for the appointment of a substitute committee, the Attorney-G-eneral objects to the manner in which the committee computes commissions.
He contends that a committee is entitled to the initial higher bracket (4%) but once, and thereafter, the lower bracket (2%%). This was upheld in Matter of Hawkins (14 Misc 2d 703), and the only question herein is whether that reasoning still is controlling in view of section 109 of the Mental Hygiene Law, effective September 1, 1963.
Subdivision (1) of that statute provides that the compensation of a committee shall be at the same rates as that of an executor or administrator and differs in wording from section 1376 of the Civil Practice Act in effect prior to September 1, 1963. *1059 Subdivision (3) of the present statute provides that upon filing his annual report, the committee may retain his commissions upon the amount of the funds he has received as income, whether derived from the corpus of the estate or from any other source, and any funds which the committee has paid out during the period covered by the said report commencing each year at the initial bracket, whether such payments be made out of income or out of the corpus of the estate.
The Attorney-General argues that this statute is a clarification of what has always been the law and is in conformity with Matter of Hawkins (supra), and that furthermore the words “ initial bracket” do not apply to income but solely to disbursements. He asserts that his contention was upheld in Matter of Swan (Supreme Ct., Orange County, Jan. 23, 1964, by Mr. Justice Dillon).
This court does not agree with the Attorney-General’s reading and interpretation of subdivision (3) of section 109. The language of the statute clearly permits the retention of commissions for receiving and disbursing, at the initial higher bracket each year. If such retention is permitted, we cannot then restrict the committee, on his final account, to the higher bracket but once, for such practice could result in the committee being overdrawn on his final account.
Inasmuch as the incompetent in this proceeding receives benefits from the Veterans’ Administration, section 115-j of the Mental Hygiene Law must be considered. This section provides in the identical language of section 1384-k of the Civil Practice Act, for compensation to be fixed by the court, not to exceed 5% of the income of the ward during any year when the guardian has received only benefits from the Veterans’ Administration or income from such benefits. Subdivision 2 provides that where a guardian has also received property of the ward, other than income from the bureau, additional compensation may be had as prescribed in article 5-A of the Mental Hygiene Law.
The account is settled and allowed as filed, with commissions to the committee as computed in Schedule E of the account. John J. Hardiman, son of the incompetent, residing at Milton, New York, is appointed substitute committee upon filing a surety company bond of $6,500. The claim of the Department of Mental Hygiene in the amount of $375 shall be paid. Fees and allowances will be fixed in the order to be entered hereon.