John M. Keane, S.
In George Orwell’s 11 Animal Farm ’ ’, the last of the seven commandments was simple and precise: “All animals are equal.” As the six equally precise prior commandments were eventually subverted by porcine gloss, so was this last commandment subverted at the end of the story to, ‘ ‘ All animals are equal but some animals are more equal than others.”
Similarly SCPA 2307 contains precise language regarding payment of commissions on specific bequests or devises: ‘ ‘ this *89 [commissions] shall not apply in case of a specific legacy or devise.” Perhaps the determination made in this proceeding will lead someone to observe that this court has made a gloss on that statute so that it reads, ‘ ‘ this shall not apply in the case of a specific legacy or devise but some specific legacies and devises are more specific than others.”
In this accounting proceeding, the attorney-executor seeks commissions on three bank accounts, each of which is disposed of by a separate paragraph in the will. The special guardian for an infant residuary beneficiary objects to payment of commissions, contending that they are specific bequests upon which no commissions are payable.
Although the court is reluctant to lengthen its decision, the problem would be understood best if the three complete paragraphs were set forth seriatim as follows:
“ fourth. I now have a Bank Account in The Binghamton Savings Bank, No. 196928, in the name of Anna M. Lane, In Trust for Mary C. Sullivan. Mary C. Sullivan is now deceased, and it is my wish and I hereby give and bequeath the entire amount in the said Bank Account to my niece, Bita Sullivan Craig, to be hers absolutely and forever. In the event that the balance in said Account does not amount to Five Hundred Dollars ($500.00), I do then direct my Executor to pay to said Bita Sullivan Craig the sum of Five Hundred ($500.00), the same to be hers absolutely and forever.
“fifth. I now have a Bank Account, No. 196927, in The Binghamton Savings Bank in the name of Anna M. Lane, In Trust for Catherine O’Hara. Catherine O’Hara is now deceased. I do give and bequeath the said Bank Account to her four children, Francis O’Hara, Mary O’Hara Buckley, Donald O’Hara and Helen O’Hara Hay, to be divided among them, share and share alike.
‘1 sixth. I give and bequeath from the monies on deposit in The Binghamton Savings Bank, in my own name, one-half thereof to the children of my deceased sister, Catherine O’Hara, to wit: Francis O’Hara, Mary O’Hara Buckley, Donald O’Hara and Helen O’Hara Hay, share and share alike. From the other one-half of said monies on deposit in The Binghamton Savings Bank in my own name, I give and bequeath to the three children of my niece, Bita Craig, as follows: Five Hundred Dollars ($500.00) to Mary Craig, to be hers absolutely and forever; Five Hundred Dollars ($500.00) to Charles Craig, to be his absolutely and forever; Five Hundred Dollars ($500.00) to James Craig, to be his absolutely and forever; and the remainder of said fund, I give to my niece, Bita Sullivan Craig.”
*90 Account number 196928, liad a: balance of $2,341,98; account number 196927, a balance of $2,502.87; and account number 56925 (the account in paragraph “sixth”), a balance of $10,000. These three accounts, totaling $14,844.85, constituted about 72% of decedent’s estate.
Two studies, both appearing in the Fifth Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (N. Y. Legis. Doc., 1966, No. 19), discuss the problem of commissions on specific bequests. The earlier report is No. 7.7B, found at page 1190, and the later report is No. 7.15.4B, found at page 136.
A clear exposition of the literal interpretation relating to commissions on specific legacies can be found in two cases, Matter of Anable (139 Misc. 914 [1931]) and Matter of Baker (146 Misc. 437 [1933]) both of which are in the lively and learned language of Mr. Surrogate "Wingate. Once a determination is made that a particular bequest is specific, it automatically follows that no commissions are allowed when this interpretation prevails.
Hard and fast rules, precise as they may be, do on occasion give rise to problems when they must be applied to a particular factual situation. Such a situation exists involving specific bequests when the executor is required to do something more than deliver a particular item to a particular person.
One of the earlier cases granting commissions where the bequest was specific in nature was Matter of Fisher (93 App. Div. 186 [1904]). In that case, the contents of a safe-deposit box containing stocks, bonds and other property had to be divided in 12 equal shares. The fiduciary had to convert the property into cash for the division. The court was troubled in granting commissions on what technically was a specific bequest. Finally the court concluded that the bequest was more in the nature of a general bequest because of the executorial duties required to deliver the bequest. Significantly the court also determined that the specific property must bear its proportionate share of the commissions allowed instead of charging them against the residuary estate.
Most recently, Mr. Surrogate Di Falco, in Matter of Roth (53 Misc 2d 1066 [1967]) reviewed the question of commissions on specific legacies. Although in the Roth case commissions were not allowed, he did point out that on a number of occasions the courts have granted commissions on legacies which were specific in nature.
Some years after Matter of Fisher (supra) came the decision in Matter of Grosvevnor (105 Misc. 344 [1918]). This case *91 involved the division of tangible specific property between two people. Commissions were allowed and Matter of Fisher (supra) was cited. Matter of Brooks (119 Misc. 738 [1922]) was a similar case involving* a specific bequest of tangible personal property where commissions were allowed. Both the Fisher and Grosvenor cases were cited. In the next year Matter of Locke (123 Misc. 291 [1923]) allowed commissions on a specific bequest where executorial duties were required in dividing the property.
In Matter of Berwind (181 Misc. 559 [1913]) the nature of the property was not particularly identified but the language would indicate tangible personal property was involved. The court, through Mr. Surrogate Foley, stated (p. 565): “ Where the will creates responsibility for division among two or more specific legatees, compensation, in the form of commissions, may be awarded for the duties imposed.” More recent cases allowing commissions are Matter of Marshall (199 Misc. 431 [1950]); Matter of Mattes (12 Misc 2d 502 [1958]), and Matter of Kuker (22 Misc 2d 63 [1959]).
Matter of Paterski (50 Misc 2d 21 [1966]), cited by the special guardian, is distinguishable from the cases following Matter of Fisher. In Matter of Paterski, “ all of the monies on deposit in any bank ’ ’ were bequeathed to a niece. In that situation no additional executorial duties were involved because the specific bequest went to a single person.
We now apply the rationale of Matter of Fisher (supra) and similar cases to the will before the court. The court finds that $500 of the bequest under paragraph “ fourth ” constituted a general bequest. Commissions will be allowed on the $500. The balance of the account which goes to the same individual is a specific bequest and no commissions shall be allowed.
In paragraph ‘ ‘ fifth ’ ’, the account had to be divided into four equal shares. An even more complex division into eight parts was required in paragraph “ sixth ”. The responsibility placed upon the executor in carrying* out the terms of paragraphs “ fifth ” and “ sixth ” constitutes such an added burden that this court determines the executor to be entitled to commissions on these accounts.
As far as this court is concerned, these bequests are specific bequests. However, this court finds that the conditions surrounding* such bequests are sufficient to support the award of compensation in the nature of commissions.
It so happens that all of the beneficiaries of the bank account proceeds are also the residuary legatees. If they had shared equally in the specific bequests, there would be no inequity in *92 charging commissions in the usual manner to the residue. This is not the case however. In particular, the infant who receives a $500 bequest under paragraph “sixth” and who is also a residuary legatee would be charged with a disproportionate part of the commissions if all were paid from the residue.
Following the rule in Matter of Fisher (supra) the proportionate share of commissions as allowed by this decision on the bequests in paragraphs “ fifth ” and “ sixth ” will be charged ratably to the beneficiaries therein and not to the residuary estate.