George E. Severson, S.
In this uncontested final account, the computation of commissions is questioned by the court.
The will provision in question follows: "In the event that my husband pre-decease me, then upon my death, I bequeath unto the following named persons whatever cash there may be remaining in my possession, whether in checking accounts, savings accounts, or wherever located, share and share alike”. The names of eight legatees follow, none of whom is a residuary legatee. Then follows the residuary clause in the usual form leaving the entire residuary estate real and personal, to the executrix.
It is not necessary to determine whether the gift of cash in this manner is a general cash legacy or a specific legacy involving the divide and pay over rule since it is the court’s opinion that commissions are payable on the legacy in question in either event.
The source of payment is another matter. It is conceded in the brief submitted on behalf of the executrix that ordinarily commissions are payable out of the residuary estate. Matter of Lane (55 Misc 2d 88) is cited as an authority that there are exceptions to the general rule and that here, as in the Lane case, commissions should be prorated against the preresiduary legatees. A reading of Lane however reveals that the specific legatees and the residuary legatees were the same there and that the Surrogate felt that certain beneficiaries should not pay a disproportionate share of the commissions which would result if paid from the residue, there being by reason of the specific legacies a variance in the sum each legatee would actually receive. In the case before me, the residuary legatee is not one of the legatees receiving a portion of the legacy in question.
*1085 An independent search of the authorities reveals no reason to depart from the general rule.
Commissions are allowed but shall be paid from the residue.