OPINION OF THE COURT
William J. Regan, S.
In this judicial settlement proceeding it was determined, upon the settlement of various objections raised by the office of the Attorney-General, that certain stocks with a value of approximately $95,000 passed by Paragraph fifth of the last will and testament of the deceased, which provides as follows: “fifth: I hereby bequeath unto my stepsons, Robert gundlach, Arthur gundlach and david gundlach, all the stocks, bonds and/or mutual funds contained in a safe deposit box maintained in my name at the Manufacturers and Traders Trust Company, University Branch, the same to be divided equally between them after payment of any debts which I may owe at the time of my death, administration expenses, estate taxes and other expenses connected with the administration of my estate as hereinafter provided.”
The will further provided that all debts, funeral expenses, administration expenses and estate taxes shall be paid in proportionate shares from the above proceeds as well as from the residuary estate.
*1033 The question that arises is whether the executor is entitled to full commissions on the total value of the stock. It is conceded by all parties in interest that Paragraph fifth is a specific bequest.
The executor contends that the will, by its terms, requires executorial action with respect to the specifically devised property; that he is required to do something more than merely deliver a particular item to a particular person. By reason of the additional duties required to be performed in making distribution and paying administration expenses, executor argues he is entitled to commissions on the full value of the stock, which value amounts to approximately $95,000. (Matter of Tucker, 75 Misc 2d 318; Matter of Lane, 55 Misc 2d 88.) The Attorney-General opposes the allowance of full commissions because such personalty is the subject of a specific bequest upon which commissions, by statute, are disallowed. (SCPA 2307, subd 2; Matter of Tucker, supra; Matter of Roth, 53 Misc 2d 1066.)
By statute, a fiduciary other than a trustee is not entitled to commissions on property specifically devised or bequeathed. (SCPA 2307, subd 2.) Specific testamentary dispositions operate as conveyances as of the date of the testator’s death, and, therefore, no commissions are payable thereon. As to such assets of the estate, the fiduciary is a conduit performing no services except preservation. (Matter of Povlsen, 62 Mise 2d 239.) There have been instances, however, where courts generally have gone beyond the strict application of the statute to compensate the fiduciary who was required to perform more important executorial functions, either by reason of the performance of additional duties with respect to a specific bequest by direction of the will itself (Matter of Fisher, 93 App Div 186), or by circumstances arising during the course of the administration of the estate. (Matter of Lane, supra.) Ways have been found to grant compensation despite the express statutory terms which deny commissions. No matter what label is given to the compensation granted under such circumstances, the result is the same. In the instant proceeding it became necessary for the executor to sell a portion of the stocks enumerated in Paragraph fifth of *1034 decedent’s will for the purpose of satisfying the claim of the Attorney-General of the State of New York on behalf of the Women’s Society of Christian Service of Central Park Methodist Church, a residuary legatee.
Under the circumstances and in view of the objections that were filed herein, this court is satisfied that additional executorial functions by the executor were necessitated by the unusual circumstances that arose during the administration of this estate. Under these circumstances, however, the additional commissions will be limited only to that portion of the stock that was required to be sold.
It is, accordingly, the decision of this court that the executor be compensated with commissions to be computed on $23,926.63, which is the portion of stock that had to be sold for the purpose hereinabove set forth, and otherwise denies compensation on the full value of the stock and personalty passing under Paragraph fifth of the decedent’s will. This decision is incorporated in the decree of this court signed and filed on December 5, 1980.