Matter of Kass (2019 NY Slip Op 01514)





Matter of Kass


2019 NY Slip Op 01514


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8570

[*1]In re William A. Kass, Esq., etc.,
Barbara K. Miller, et al., Petitioners-Appellants,
v
Jonathan Mendelson, etc., Respondent-Respondent.


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York (Lawrence S. Hirsh of counsel), for appellants.
Novick & Associates, P.C., Huntington (Donald Novick of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about July 14, 2017, which, to the extent appealed from, granted respondent's motion for partial summary judgment on objections 17 and 18 to petitioners' first intermediate account of the deceased's estate, unanimously affirmed, without costs.
The Surrogate providently exercised her discretion in determining that the value of the apartment, which was specifically bequeathed to respondent, should not be included in the computation of petitioners' commissions (see Matter of Brooks , 119 Misc 738, 740 [Sur Ct, NY County 1922], affd 212 App Div 868 [1st Dept 1925]; see also SCPA 2307[2][a]). The services that petitioner Miller testified she rendered, such as visiting weekly to collect mail, arranging for insurance, paying maintenance and bills, and insuring that necessary repairs were properly made, could have been performed by respondent. In any event, it is undisputed that those services were not mandated by the deceased's will or required by the circumstances (see Matter of Gundlach , 107 Misc 2d 1032 [Sur Ct, Erie County 1981]).
Petitioners contend that respondent's meritless litigation and dilatory conduct in seeking to have the apartment transferred to him required them to act to preserve the asset. However, as the Surrogate pointed out, respondent had the right to challenge the appointment of Miller as an executor, and petitioners could have deferred to respondent to protect the asset that was specifically left to him.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK